UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

LUIS ALBERTO MATOS PRADA and all )
others similarly situated under 29 U.S.C. )
216(b), )
 )
      Plaintiffs, )
vs. )
 )
CUBA TOBACCO CIGAR, CO. a/k/a )
TABACALERA LAS VILLAS CIGAR, CO., )
TABACALERA BELLO USA, CO., )
LA CASA DEL TABACO CO., )
LA CASA DE LA TROVA CO., )
LA ZORRA Y EL CUERVO INC., )
PEDRO D. BELLO, )
 )
      Defendants. )
_____ )

## **COMPLAINT UNDER 29 U.S.C. 201- 216 OVERTIME WAGE VIOLATIONS**

Plaintiff, LUIS ALBERTO MATOS PRADA, on behalf of himself and all others similarly situated under 29 U.S.C. 216(b), through undersigned counsel, files this Complaint against Defendants, CUBA TOBACCO CIGAR, CO. a/k/a TABACALERA LAS VILLAS CIGAR, CO., TABACALERA BELLO USA, CO., LA CASA DEL TABACO CO., LA CASA DE LA TROVA CO., LA ZORRA Y EL CUERVO INC., and PEDRO D. BELLO, and alleges:

1. This is an action arising under the Fair Labor Standards Act 29 U.S.C. §§ 201-216.

2. The Plaintiff was a resident of Miami-Dade County, Florida at the time that this dispute arose.

3. The Defendant CUBA TOBACCO CIGAR, CO. a/k/a TABACALERA LAS VILLAS CIGAR, CO., TABACALERA BELLO USA, CO., LA CASA DEL TABACO CO., LA

CASA DE LA TROVA CO., LA ZORRA Y EL CUERVO INC., is a company that regularly transacts business within Miami-Dade County. Upon information and belief, the Defendant Corporation was the FLSA employer for Plaintiff's respective period of employment ("the relevant time period").

4. The individual Defendant PEDRO D. BELLO is a corporate officer and/or owner and/or manager of the Defendant Corporations who ran the day-to-day operations of the Corporate Defendants for the relevant time period and was responsible for paying Plaintiff's wages for the relevant time period and controlled Plaintiff's work and schedule and was therefore Plaintiff's employer as defined by 29 U.S.C. 203 (d).

5. All acts or omissions giving rise to this dispute took place in Miami-Dade County.

**COUNT I. FEDERAL OVERTIME WAGE VIOLATION**

6. This action arises under the laws of the United States. This case is brought as a collective action under 29 USC 216(b). It is believed that the Defendants have employed several other similarly situated employees like Plaintiff who have not been paid overtime and/or minimum wages for work performed in excess of 40 hours weekly from the filing of this complaint back three years.

7. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 as this case is brought pursuant to The Fair Labor Standards Act, 29 U.S.C. §§ 201-219 (section #216 for jurisdictional placement).

8. 29 U.S.C. § 207 (a) (1) states, "Except as otherwise provided in this section, no employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or

in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed."

9. Plaintiff worked for Defendants as a tobacconist from on or about September 10, 2012 through November 16, 2016.

10. Defendant's business activities involve those to which the Fair Labor Standards Act applies. Both the Defendant's business and the Plaintiff's work for the Defendants affected interstate commerce for the relevant time period. Plaintiff's work for the Defendants affected interstate commerce for the relevant time period because the materials and goods that Plaintiff used on a constant and/or continual basis and/or that were supplied to him by the Defendants to use on the job moved through interstate commerce prior to and/or subsequent to Plaintiff's use of the same. The Plaintiff's work for the Defendants was actually in and/or so closely related to the movement of commerce while he worked for the Defendants that the Fair Labor Standards Act applies to Plaintiff's work for the Defendants.

11. Additionally, Defendants regularly employed two or more employees for the relevant time period who handled goods or materials that travelled through interstate commerce, or used instrumentalities of interstate commerce, thus making Defendant's business an enterprise covered under the Fair Labor Standards Act.

12. Upon information and belief, the Defendant Corporation had gross sales or business done in excess of $500,000 annually for the years 2013, 2014, 2015, and 2016.

13. Upon information and belief, Defendants, CUBA TOBACCO CIGAR, CO. a/k/a TABACALERA LAS VILLAS CIGAR, CO., TABACALERA BELLO USA, CO., LA CASA DEL TABACO CO., LA CASA DE LA TROVA CO., and LA ZORRA Y EL

CUERVO INC., are joint enterprises as defined by 29 U.S.C. 203(r) as the related activities between the companies, performed through unified operation and/or common control, are being done for a common business purpose.

14. Upon information and belief, Defendants, CUBA TOBACCO CIGAR, CO. a/k/a TABACALERA LAS VILLAS CIGAR, CO., TABACALERA BELLO USA, CO., LA CASA DEL TABACO CO., LA CASA DE LA TROVA CO., and LA ZORRA Y EL CUERVO INC., were Plaintiff's joint employer during Plaintiff's employment with the Defendant Companies as the work performed by Plaintiff simultaneously benefited all Defendant Companies who were responsible for controlling Plaintiff's hours, determining Plaintiff's pay and which were operated by the same company officers for a common business purpose.

15. Individual Defendant PEDRO D. BELLO was Plaintiff's individual employer pursuant to 29 U.S.C. §203(d) as set forth above.

16. Between the period of on or about September 10, 2012 through on or about November 16, 2016, Plaintiff worked an average of 48 hours a week for Defendants and was paid an average of $9.48 per hour but was never paid the extra half time rate for any hours worked over 40 hours in a week as required by the Fair Labor Standards Act. Plaintiff therefore claims the half time overtime rate for each hour worked above 40 in a week.

17. Defendants willfully and intentionally refused to pay Plaintiff's overtime wages as required by the Fair Labor Standards Act as Defendants knew of the overtime requirements of the Fair Labor Standards Act and recklessly failed to investigate whether Defendants' payroll practices were in accordance with the Fair Labor Standards Act. Defendants remain owing Plaintiff these wages since the commencement of Plaintiff's employment with Defendants

for the time period specified above.

Wherefore, the Plaintiff requests double damages and reasonable attorney fees from Defendants, jointly and severally, pursuant to the Fair Labor Standards Act as cited above, to be proven at the time of trial for all overtime wages still owing from Plaintiff's entire employment period with Defendants or as much as allowed by the Fair Labor Standards Act along with court costs, interest, and any other relief that this Court finds reasonable under the circumstances. *The Plaintiff requests a trial by jury.*

Respectfully Submitted,

J.H. Zidell, Esq.
J.H. Zidell, P.A.
Attorney For Plaintiff
300 71st Street, Suite 605
Miami Beach, Florida 33141
Tel: (305) 865-6766
Fax: (305) 865-7167
Email: ZABOGADO@AOL.COM

By:__/s/ J.H. Zidell_____
    J.H. Zidell, Esq.
   Florida Bar Number: 0010121