UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MIAMI

CASE NO. 1:17-cv-20380-UU

LUIS ALBERTO MATOS PRADA and all
others similarly situated under 29 U.S.C.
216(b),

    Plaintiffs,

-vs-

CUBA TOBACCO CIGAR, CO. a/k/a
TABACALERA LAS VILLAS CIGAR, CO.,
TABACALERA BELLO USA, CO.,
LA CASA DEL TABACO CO.,
LA CASA DE LA TROVA CO.,
LA ZORRA Y EL CUERVO INC.,
PEDRO D. BELLO,

    Defendants.

_____/

## DEFENDANTS' JOINT MOTION TO DISMISS COMPLAINT, AND SUPPORTING MEMORANDUM OF LAW

Defendants Cuba Tobacco Cigar, Co. and Pedro D. Bello hereby jointly move, pursuant to Federal Rule of Civil Procedure 12(b)(6), to dismiss Plaintiff's Complaint for failure to state a claim for which relief can be granted, stating:

*Motion*

1.    Plaintiff's Complaint should be dismissed to the extent it seeks an award of damages under the Fair Labor Standards Act ("FLSA") for work alleged to have been performed more than three (3) years prior to the date the Complaint was filed, as such the claim is barred by the statute of limitations.

2. The Complaint should be dismissed for failure to make sufficient factual allegations to show that enterprise and/or individual coverage exist under the FLSA.

3. Plaintiff's claims on behalf of "all others similarly situated" should be dismissed for failure to make sufficient factual allegations in support of such claims.

*Memorandum of Law*

A. <u>Part of Plaintiff's FLSA Claim Is Time Barred</u>.

29 U.S.C. 255(a) establishes the statute of limitations for a FLSA claim; *viz.*, two years, extended to three years for a willful violation.[1] This case was filed on January 27, 2017 [DE-1]. Plaintiff therefore cannot state a claim for a FLSA violation that allegedly occurred before January 27, 2014.

The Complaint references a "relevant time period" which it equates to "Plaintiff's respective period of employment." *See* Complaint, ¶¶ 3-4. Plaintiff then alleges a period of employment from September 10, 2012 through November 16, 2016. *See* Complaint, ¶¶ 9, 16. The portion of Plaintiff's FLSA claim which seeks damages for a time period before January 27, 2014 should be dismissed with prejudice because it is time barred.[2]

B. <u>Plaintiff Makes Insufficient Individual and Enterprise FLSA Coverage Allegations</u>.

Plaintiff's FLSA allegations are a "formulaic recitation of the statutory language that cannot survive a motion to dismiss." *Botero v. S. Fla. Pain & Rehab. Ctr. Corp*., 2012 U.S. Dist.

---

[1] Defendants do not concede that there has been any willful (or other) FLSA violation, but relies upon the three (3) year period *arguendo* for purposes of the statute of limitations argument in this motion.

[2] When referring to the purported *collective action*, Plaintiff uses the phrase "from the filing of this complaint back three years." *See* Complaint, ¶ 6. Therefore, it is possible that Plaintiff intends to limit his claim to that period. However, the inclusion of allegations reaching back to 2012, coupled with describing those years as part of "the relevant time period," renders Plaintiff's claim unclear.

LEXIS 89997 *5 (S.D. Fla. June 28, 2012); *Sanchez v. Piripi VMP, LLC*, 2016 U.S. Dist. LEXIS 28751 (S.D. Fla. Mar. 4, 2016)("Plaintiff's complaint lacks a factual foundation for individual or enterprise liability under the Act.").

Plaintiff's Complaint does not allege sufficient facts under *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) to establish individual or enterprise coverage under the FLSA. *See Sanchez*, *supra* ("… the Court again finds *Iqbal* and *Twombly* control the pleading standard in this FLSA case."); *Lussi v. Design-Build & Eng'g, Inc.*, No. 09-23446-CIV, 2010 U.S. Dist. LEXIS 38780 *2 (S.D. Fla. Apr. 19, 2010); *and Peralta v. Greco Intern. Corp.*, 2011 U.S. Dist. LEXIS 125612, 2011 WL 5178274, at *3 (S.D. Fla. Oct. 31, 2011).

Here, paragraphs 10 and 11 of the Complaint simply recite statutory language without benefit of any specific factual allegations. The Complaint does not allege what business the Defendants are in. It alleges that Plaintiff is a "tobacconist" without defining that term or alleging what a tobacconist in this instance does. There are no specific allegations regarding what work Plaintiff performed. Plaintiff does not differentiate between the "materials and goods" referenced in the Complaint. *See* Complaint, ¶ 10.  Under similar circumstances, this Court has dismissed a FLSA claim for its lack of factual allegations:

> Although the Court recognizes that an FLSA plaintiff 'need not do much' to allege enterprise coverage, *Ceant*, 874 F. Supp. 2d at 1378,[3] a plaintiff must provide the 'factual underpinnings' which support his general allegations and legal conclusions, *Pardue v. Specialty Eng'g Consultants, Inc.*, 85 F. Supp. 3d 1347, 1349-50 (S.D. Fla. 2015) (Marra, J.). The Amended Complaint is devoid of any factual allegations showing the nature of OCP's work, how the alleged 'materials' connected to that work, or how many employees besides the Plaintiff

---

[3]   *Ceant v. Aventura Limousine & Transp. Serv., Inc.*, 874 F. Supp. 2d 1373 (S.D. Fla. 2012).

> handled the materials. As a result, dismissal without prejudice is required. *See Steele v. Int'l Assoc. of Trauma & Addiction Counselors, Inc*., No. 13-62077, Dkt. 58, 2016 U.S. Dist. LEXIS 87268, at *6-7 (S.D. Fla. Jan. 27, 2016) (Scola, J.) (dismissing a FLSA complaint without prejudice because the plaintiff failed to 'distinguish between goods and materials' and did not describe the nature of her employer's work); *Perez v. Muab, Inc*., No. 10-62441-Civ, 2011 U.S. Dist. LEXIS 22275, 2011 WL 845818, at *3 (S.D. Fla. Mar. 7, 2011) (Cohn, J.) ('Plaintiff alleges only that 'during her employment with [defendant], she was engaged in commerce or in the production of goods for commerce.' This is a mere recitation of the statutory language.') (citation omitted).
>
> In amending, the Plaintiff must set forth the exact nature of OCP's business, taking care to explain how OCP's business, and her work for the company, connect to interstate commerce. Aside from stating the nature of her work and the nature of OCP's business, she must provide only straightforward allegations connecting that work to interstate commerce. *Ceant*, 874 F. Supp. 2d at 1379. Additionally, if she wishes to rely on the 'goods or materials' prong of enterprise coverage, she should provide facts sufficient for the Court to distinguish between goods and materials. *See Steele*, Dkt. 58 at 3-4, 2016 U.S. Dist. LEXIS 87268.

*Villafana v. Our Children's Planet Corp*., 2016 U.S. Dist. LEXIS 86411, *8-9 (S.D.Fla. March 24, 2016).  The Complaint in this action should likewise be dismissed.

      C.     <u>Plaintiff Has Not Pleaded Facts to Support a Collective Action</u>.

A claim made as a collective action can be challenged by a motion to dismiss on whether its allegations state a claim. For example, in *Bule v. Garda CL Southeast, Inc*., 2014 U.S. Dist. LEXIS 95618 (S.D. Fla. July 11, 2014), this Court dismissed two FLSA collective action counts because they were not adequately pleaded. And in *Baide v. Sunsof, Inc*., 2014 U.S. Dist. LEXIS 143274 *8, 2014 WL 5055124 (S.D. Fla. Oct. 7, 2014), the Court granted in part the defendant's motion to dismiss to require "Plaintiffs to amend their complaint to identify a group of workers that are similarly situated to them." *Id*.

Employees must be "similarly situated" with respect to their job requirements and with regard to their pay provisions. *Morgan v. Family Dollar Stores*, 551 F.3d 1233, 1259-60 (11th Cir. 2008).  Additionally, a plaintiff must show "commonality between the basis for his claims

and that of the potential claims of the proposed class, beyond the mere facts of job duties and pay provisions." *Baide, supra.* The plaintiff thus must make sufficient allegations not only that there *are* similarly situated persons, but in what *way* they are similarly situated.

As this Court found in *Bule*, *supra*, "… the collective action components of Counts IV and V should be dismissed because Plaintiff's Complaint fails to plead or define any attributes of the alleged similarly situated employees, and, therefore, the allegations fail to state a claim for relief as a collective action." *Id*.

Here the Complaint makes no allegations to show in what relevant way any other potential workers are similar to the Plaintiff in this action. Accordingly, the Complaint should be dismissed.

A collective action also requires that more than one person wishes to participate. *Chalker v. Burlington Coat Factory of Fla*., LLC, 2013 U.S. Dist. LEXIS 159628 [HN 3, 4] (M.D. Fla. 2013). There is no allegation here that anyone else wishes to join this lawsuit. Instead, Plaintiff pleads that "[i]t is believed that the Defendants have employed several other similarly situated employees like Plaintiff who have not been paid overtime and/or minimum wages for work performed in excess of 40 hours weekly from the filing of this complaint back three years." *See* Complaint ¶ 6. "The mere anticipation that others may want to join the lawsuit or the mere presence of a uniformly adverse compensation policy is insufficient by itself …" to carry Plaintiff's burden. *Guerra v. Big Johnson Concrete Pumping, Inc*., No. 05-14237-CIV, 2006 U.S. Dist. LEXIS 58484, 2006 WL 2290512, * 4 (S.D. Fla. May 17, 2006). *See also Chalker v. Burlington Coat Factory of Fla., LLC*, 2013 U.S. Dist. LEXIS 159628 [HN 3, 4] (M.D. Fla. 2013)("[P]laintiff must show that … there are other employees who desire to opt in to the action

…."). In this instance, Plaintiff has not pleaded facts which would warrant pursuing a claim as a collective action.

WHEREFORE, Defendants Cuba Tobacco Cigar, Co. and Pedro D. Bello hereby jointly move, pursuant to Federal Rule of Civil Procedure 12(b)(6), to dismiss Plaintiff's Complaint for failure to state a claim for which relief can be granted

Dated: March 1, 2017.

        Respectfully submitted,

        */s/ Orion G. Callison, III, Esq.*
        Orion G. Callison, III, Esq. (Fla. Bar No. 0005223)
        orion@aglawpa.com
        LAW OFFICE OF ALEXIS GONZALEZ, P.A.
        3162 Commodore Plaza, Suite 3E
        Coconut Grove, Florida 33133
        Telephone: (305) 223-9999
        Facsimile: (305) 223-1880

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served electronically on this date by the CM/ECF system on all counsel or parties of record on the Service List below

        */s/ Orion G. Callison, III, Esq.*
        Orion G. Callison, III (Fla. Bar No. 0005223)

## SERVICE LIST

Jamie H. Zidell
J.H. Zidell P.A.
300 71st Street
Suite 605
Miami Beach, FL 33141
305-865-6766
Fax: 305-865-7167
Email: ZABOGADO@AOL.COM

Joshua Howard Sheskin
J.H. Zidell P.A.
300 71st Street
Suite 605
Miami Beach, FL 33141
305-865-6766
Fax: 305-865-7167
Email: jsheskin.jhzidellpa@gmail.com

Neil Tobak
J.H. Zidell P.A.
300 71st Suite 605
Miami Beach, FL 33141
305-773-3269
Email: ntobak.zidellpa@gmail.com