UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:17-CV-20380-UU

| | |
|---|---|
| LUIS ALBERTO MATOS PRADA and all others similarly situated under 29 U.S.C. 216(b), <br><br> Plaintiffs, <br> vs. <br><br> CUBA TOBACCO CIGAR, CO. a/k/a TABACALERA LAS VILLAS CIGAR, CO., TABACALERA BELLO USA, CO., LA CASA DEL TABACO CO., LA CASA DE LA TROVA CO., LA ZORRA Y EL CUERVO INC., PEDRO D. BELLO, <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |

**PLAINTIFF'S RESPONSE AND OPPOSITION TO DEFENDANT'S MOTION[1] TO DISMISS COMPLAINT [DE17]**

Plaintiff, by and through the undersigned counsel, hereby files this Response in Opposition to DE 17 the Defendants' Motion to Dismiss (hereinafter, "Defendants' Motion"), moves that the Court deny Defendants' Motion, moves the Court require the Defendants to answer The Complaint [DE 1], if the court is to grant Defendants' Motion to do so without prejudice allowing Plaintiff 14 days to amend, and in support of which states as follows:

1. On January 27, 2017 Plaintiff, LUIS ALVERTO MATOS PRADA, filed a complaint in this action arising under Fair Labor Act 29 U.S.C. §§ 201-216, et. seq. [DE 1]

---

[1] Defendants Filed and Titled their motion 'JOINT'. Defendants did not confer with Plaintiff with regards to motion, nor did Plaintiff join said motion.

    2.    On March 1, 2017, Defendants CUBA TOBACCO CIGAR, CO. a/k/a TABACALERA LAS VILLAS CIGAR, CO., TABACALERA BELLO USA, CO., LA CASA DEL TABACO CO., LA CASA DE LA TROVA CO., LA ZORRA Y EL CUERVO INC., and PEDRO D. BELLO, filed a Motion to Dismiss Plaintiff's Complaint and Supporting Memorandum of Law. [DE 17]

    3.    Defendants allege that Plaintiff's Complaint should be dismissed because:

    a. Plaintiff's "work alleged to have been preformed is barred by the statute of limitations" [DE 17 Pg. 1]

    b. Plaintiff's failed to make "sufficient factual allegations that show enterprise and/or individual coverage" [DE 17 Pg. 2] and,

    c. Plaintiff's claim on "behalf of 'all others similarly situated' failure to make sufficient factual allegations." [DE 17 Pg. 2]

## **MEMORANDUM OF LAW**

### I. LEGAL STANDARD

In evaluating a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court is limited to the pleadings and all allegations must be accepted as true. *See Grossman v. Nationsbank, N.A.*, 225 F.3d 1228(11th Cir.2000). A complaint must be "liberally construed, assuming the facts alleged therein as true and drawing all reasonable inferences from those facts in the plaintiff's favor." Twombly, 550 U.S. at 555. "A complaint should not be dismissed simply because the court is doubtful that the plaintiff will be able to prove all of the necessary factual allegations. *Id.*" *West v. Aventura Limousine & Transp. Serv., Inc.*, No. 12-21685-CIV, 2012 WL 3516507, at *1 (S.D. Fla. Aug. 14, 2012)

Moreover, Rule 8 of the Federal Rules of Civil Procedure states a Complaint "shall contain … a short and plain statement" setting forth entitlement to relief and "'give the defendant fair notice of what the plaintiff's claim is and the ground upon which it rests.'" *Swierkiewicz v. Sorema*, N.A., 534 U.S. 506 (2002), *quoting Conley v. Gibson*, 355 U.S. 41 (1957).

> "To state a claim for failure to pay minimum (or overtime) wages under the FLSA, a plaintiff must demonstrate that (1) he is employed by the defendant, (2) the defendant engaged in interstate commerce, and (3) the defendant failed to pay him minimum or overtime wages. *See Morgan v. Family Dollar Stores, Inc.,* 551 F.3d 1233, 1277 n. 68 (11th Cir.2008)".

*Freeman v. Key Largo Volunteer Fire & Rescue Dep't, Inc.*, 494 F. App'x 940, 942 (11th Cir. 2012).

The Eleventh Circuit interpreting the <u>Twombley</u> motion to dismiss standard in relation to Fair Labor Standard Act cases stated:

> Unlike the complex antitrust scheme at issue in *Twombly* that required allegations of an agreement suggesting conspiracy, the requirements to state a claim of a **FLSA violation are quite straightforward**. **The elements that must be shown are simply a failure to pay overtime compensation and/or minimum wages to covered employees and/or failure to keep payroll records in accordance with the Act**. *See* 29 U.S.C. §§ 206, 207, and 215(a)(2) and (5). There is no need to prove intent or causation that might require more extensive pleading. *See Chao v. Rivendell Woods, Inc.*, 415 F.3d 342, 348 (4th Cir. 2005) (finding a FLSA complaint sufficient under Rule 8(a)(2) where it identified the employees who were alleged to have worked overtime, described the manner of the employer's repeated violations of the overtime and record-keeping provisions of FLSA, and alleged the time frame in which these violations occurred). [Emphasis added].

*Sec'y of Labor v. Labbe*, 319 Fed. Appx. 761, 763 (11th Cir. Fla. 2008).

## II. STATUTE OF LIMITIMATIONS IS AN AFFIRMATIVE DEFENSE

Defendants' 12(b)(6) Motion argues that Plaintiff's Complaint should be dismissed because the claim is barred by the statute of limitations. However, "A statute of limitations bar is "an affirmative defense, and ... plaintiff[s][are] not required to negate an affirmative defense in [their] complaint. *Tregenza v. Great American Communications Co.,* 12 F.3d 717, 718 (7th Cir.1993)." La Grasta v. First Union Sec., Inc., 358 F.3d 840, 845 (11th Cir. 2004).

Plaintiff's Complaint alleges that between the period of on or about September 12, 2012 through on or about November 16, 2016, Plaintiff worked in excess of 40 hours for Defendants and was not paid the halftime overtime rate for each hour worked above 40 in a week. [DE 1 Pg. 4].

> "The possibility that *some* of the alleged violations may have occurred during a time-barred period, however, does not sustain the dismissal of the complaint, in its entirety. Moreover, asserting such a bar is an *affirmative defense. See Tello v. Dean Witter Reynolds, Inc.,* 410 F.3d 1275, 1292 (11th Cir.2005) (explaining that the defendant bears the burden of proving an affirmative defense)".

Sec'y of Labor v. Labbe, 319 F. App'x 761, 764 (11th Cir. 2008) *See also, Day v. Liberty Nat'l Life Ins. Co.,* 122 F.3d 1012, 1015 (11th Cir.1997) (citing F.R.Civ.P. 8(c)) (holding that § 255(a) statute of limitations is "an affirmative defense which must be specifically pled").

Had Defendants' filed an Answer and, said filing would have been the appropriate place to assert a Statute of Limitation defense, not in a 12(b)6 Motion to Dismiss. Therefore, Defendants' Motion to dismiss should be denied.

## III. FAILURE TO STATE A CLAIM UPON WHICH RELEIF CAN BE GRANTED

ENTERSPRISE COVERAGE

4

The Defendants ask this Court to dismiss Plaintiff's complaint for failure to make sufficient allegations to show that enterprise and/or individual coverage exist under FLSA. However, Plaintiff's allegations in his complaint gave Defendants fair notice as to what the Plaintiff's claim is and the grounds it rests upon. Additionally, Plaintiffs followed the 11th Circuits guidelines for FLSA claim set forth in <u>Labbe</u>. *See Supra*. Paragraphs three, four and nine allege that the Plaintiff was employed by the Defendants, and nine is specific as to when. Paragraphs twelve, thirteen and fourteen are sufficient to establish enterprise coverage. Paragraph sixteen specifically alleges that Plaintiff was not paid the overtime rate for hours worked over 40 each week. Hence, all criteria set forth to properly plead an FLSA claim are present in The Complaint. This is sufficient notice and criteria to survive a motion to dismiss.

Defendants claim Plaintiff's Complaint does not allege sufficient facts under *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (U.S. 2009) and *Bell Atl. Corp. v. Twombly*. The <u>*Iqbal*</u> decision dealt with a *Bivens* Action while the *Twombly* Court dealt with the pleading standards as related to the Sherman Act. Neither case dealt with the pleading standards relating to the Fair Labor Standards Act. See Supra *Sec'y of Labor v. Labbe*.

Like in <u>Labbe</u>, PRADA, in his Complaint, alleged that he worked for Defendants as a tobacconist[2] [DE 1 Pg. 3], that he regularly worked more than 40 hours and was not compensated for hours in excess of 40 in violation of the FLSA [DE 1 Pg. 4]. These allegations are sufficient in an FLSA complaint and therefor Defendants' 12(b)(6) Motion to Dismiss should be denied.

---

[2] Defendant alleges that Plaintiff did not define "what Tobacconist in this instance does" [DE 17 Pg. 3], however, the definition of the word inherently explains what it does i.e. A Tobacconist by definition is a dealer in <u>tobacco</u> especially at retail or one who is a dealer in cigarettes, tobacco, cigars, and other items used by smokers. "Tobacconist." Merriam-Webster Online Dictionary. 2017. http://www.merriam-webster.com /dictionary/tobacconist (11 March. 2017)

COLLECTIVE ACTION

Additionally, Defendants contend that Plaintiff's Complaint should be dismissed pursuant to rule 12(b)(6) for not pleading facts to support a collective action. However,

> "Generally, whether a suit can be maintained as a collective action under the FLSA is determined not on a 12(b)(6) motion, but rather on a motion to conditionally certify a collective action" *Mitial v. Dr. Pepper Snapple Grp.,* No. 11–81172–CIV, 2012 WL 2524272, at *4 (S.D.Fla. June 29, 2012); *Dominguez v. Micro Ctr. Sales Corp.,* No. 11 C 8202, 2012 WL 1719793, at *2 (N.D.Ill. May 15, 2012).

*Meggs v. Condotte Am., Inc.*, No. 12-20876-CIV-GOODMAN, 2012 WL 3562031, at *3 (S.D. Fla. Aug. 17, 2012).

Plaintiff has not yet moved to conditionally certify a collective action

> "Because similarly situated employees must affirmatively opt into the litigation, the decision to certify the action, on its own, does not create a class of plaintiffs. Rather, the "existence of a collection action under § 216(b) ... depend[s] on the active participation of other plaintiffs." *Cameron–Grant v. Maxim Healthcare Servs. Inc.,* 347 F.3d 1240, 1249 (11th Cir.2003) ("Under § 216(b), the action does not become a 'collective' action unless other plaintiffs affirmatively opt into the class by giving written and filed consent.)".

<u>Morgan v. Family Dollar Stores, Inc.</u>, 551 F.3d 1233, 1259 (11th Cir. 2008).

Furthermore, "There is nothing in section 216(b) or section 256 that requires the Court to dismiss a complaint where a written consent has not been filed. *See* 29 U.S.C. §§ 216(b) & 256. To the contrary, section 256 expressly allows for a collective action to commence after the complaint has been filed, upon the filing of the written consent. *See* 29 U.S.C. § 256(b)". *Lago v. Amoa Const. & Dev. Corp.*, No. 08-20994-CIV, 2008 WL 4540062, at *2 (S.D. Fla. Oct. 10, 2008).

Defendants' motion to dismiss for failure to allege sufficient factual allegations on behalf of "all other similarly situated" is premature and should be denied.

WHEREFORE, Plaintiff respectfully requests this Court to deny Defendants' Motion to Dismiss. Require Defendant to answer the complaint. In the event that this Court chooses to dismiss, Plaintiff requests same be without prejudice and afford 14 days for amendment of the complaint.

Respectfully submitted,

J. H. ZIDELL, P.A.
ATTORNEYS FOR PLAINTIFF
300-71ST STREET, SUITE 605
MIAMI BEACH, FLORIDA 33141
305-865-6766
305-865-7167

By: /s/ Neil Tobak
Neil Tobak, Esquire
Florida Bar No.: 93940

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY THAT A TRUE AND CORRECT COPY OF THE FOREGOING WAS PROVIDED VIA CM/ECF ON 3/15/17 TO:**

**Orion G. Callison , III**
**Law Office of Alexis Gonzalez, P.A.**
**Suite 3E**
**3162 Commodore Plaza**
**Coconut Grove, FL 33133**
**305-223-9999**
**Fax: 305-223-1880**
**Email: orion@aglawpa.com**

**BY: /s/     Neil Tobak**
**NEIL TOBAK, ESQ.**