UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MIAMI

CASE NO. 1:17-cv-20380-UU

LUIS ALBERTO MATOS PRADA and all
others similarly situated under 29 U.S.C.
216(b),

    Plaintiffs,

-vs-

CUBA TOBACCO CIGAR, CO. a/k/a
TABACALERA LAS VILLAS CIGAR, CO.,
TABACALERA BELLO USA, CO.,
LA CASA DEL TABACO CO.,
LA CASA DE LA TROVA CO.,
LA ZORRA Y EL CUERVO INC.,
PEDRO D. BELLO

    Defendants.

_____/

### REPLY MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS COMPLAINT

Defendants Cuba Tobacco Cigar, Co. and Pedro Bello hereby submit their Reply Memorandum in Opposition to Plaintiff's Response Memorandum [DE-18] and in support of Defendants' Motion to Dismiss [DE-17], stating:

**A.**     **Plaintiff Relies on an Outdated Standard of Review**.

Plaintiff relies on *Sec'y of Labor v. Labbe*, 319 Fed. App'x 761, 763 (11th Cir. 2008) for the purported pleading standard in an FLSA case, which opinion has been distinguished by this Court in *Baide v. Sunsof, Inc.*, 2014 U.S. Dist. LEXIS 143274 (S.D. Fla. Oct. 7, 2014)[1](as well as being distinguished in numerous other cases cited below):

---

[1]     This opinion was cited in Defendants' Motion to Dismiss.

>  Plaintiffs' response relies on pre-*Iqbal*[2] case law and argues a lower pleading standard is applicable in the FLSA context. Relying on a pre-*Iqbal* Eleventh Circuit decision, *Sec'y of Labor v. Labbe*, 319 Fed. App'x 761, 763 (11th Cir. 2008), Plaintiffs maintain the requirements to state a FLSA claim are 'quite straightforward' in comparison to the complexity of the pleadings involved in *Twombly*. This Court has already rejected this argument in *Diaz v. U.S. Century Bank*, No. 12-21224, 2012 U.S. Dist. LEXIS 116877, 2012 WL 3597510, n.1 (S.D. Fla. Aug. 20, 2012) )[Hon. Federico Moreno]. This Court stated:
>
>> As the Supreme Court has stressed, *Twombly* expounded the pleading standard for all civil actions. Courts in the Eleventh Circuit have affirmed this holding in FLSA cases, specifically distinguishing past contrary case law.
>
>  *Id*. (internal quotations and citations omitted); *Gonzalez v. Old Lisbon Rest. & Bar L.L.C.*, 820 F. Supp. 2d 1365, 1370 n. 3 (S.D. Fla. 2011) (noting that *Iqbal* controls despite the Eleventh Circuit's decision in *Labbe*).

*Baide*, *supra*, at *4-5. *See also Sanchez v. Piripi VMP, LLC*, 2016 U.S. Dist. LEXIS 28751 (S.D. Fla. Mar. 4, 2016)(noting that *Twombly* expounded the pleading standard for *all* civil actions, including FLSA cases) (also cited in Defendants' Motion to Dismiss).

Nearly all[3] of Plaintiff's case citations in the "Legal Standard" section of his memorandum are either pre-*Iqbal*, or are cases which themselves inappropriately rely upon *Sec'y of Labor v. Labbe*. Applying the correct standard of review, Plaintiff has failed to state a claim for which relief can be granted by relying solely on formulaic recitations and unsupported conclusions.

### B. The Statute of Limitations Can Be Applied on a Motion to Dismiss Where, As Here, It is Evident on the Face of the Complaint.

Plaintiff cites *La Grasta v. First Union Sec., Inc.*, 358 F.3d 840, 846 (11th Cir. 2004) for the proposition that he is not required to "negate" the statute of limitations in his pleading, which

---

[2]  *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

[3]  An exception is Plaintiff's reliance on *Freeman v. Key Largo Volunteer Fire & Rescue Dep't., Inc.*, 494 F. App'x 940 (11th Cir. 2012), where the Eleventh Circuit affirmed the dismissal of a FLSA case when the allegations made in support of the claim were not properly alleged.

is true, but he omits to quote the qualifying language from that case and from similar cases - that this Court can apply the statute of limitations when such application is supported by the "face of the Complaint." *Id*. Here, the application of the statute is apparent on the face of the pleading. The maximum statute of limitations for a FLSA claim is three (3) years, and Plaintiff is asserting a claim for longer than that period. The claim for the excess time barred period should therefore be dismissed.

Plaintiff quotes from the *Labbe* decision, *supra*, in support of his argument that if *some* of the claim is time barred, the *entire clai*m should not be dismissed on that basis. This is a red herring because Defendants never moved to dismiss more than the time barred portion of the claim based on the statute of limitations. Thus, Plaintiff's argument on this point is inapposite. Given that a portion of Plaintiff's FLSA is time barred on the face of the Complaint, that portion of the claim should be dismissed with prejudice.

      **C.**      **Plaintiff Has Not Made Sufficient FLSA Coverage Allegations.**

Plaintiff seemingly argues that he is not required to comply, or to comply fully, with either *Twombly* or *Iqbal* when pleading a FLSA case. Numerous decisions of this Court, cited in this reply memorandum and in Defendants' Motion to Dismiss, hold otherwise. Indeed, in his response memorandum Plaintiff cites to *Meggs v. Condotte Am., Inc.*, No. 12-20876-CIV-GOODMAN, 2012 U.S. Dist. LEXIS 116326 (S.D. Fla. Aug. 17, 2012) and to *Mitial v. Dr Pepper Snapple Grp.*, No. 11-81172-CIV, 2012 U.S. Dist. LEXIS 90520 (S.D. Fla. June 29, 2012), both of which are FLSA cases in which the court stated that *Twombly* and *Iqbal* apply. Plaintiff fails to justify the pleading deficiencies Defendants argue in their Motion to Dismiss, and the Complaint therefore should be dismissed.

In response to Defendants' argument that Plaintiff's job duties have not been properly pleaded, Plaintiff cites to an online dictionary definition of "tobbaconist." This type of citation is insufficient to cure a pleading defect like the one present here. First, the definition itself is very broad and unspecific, and second, it does not establish the job duties *for this plaintiff*. It is unclear from the Complaint whether Plaintiff makes tobacco products, sells tobacco products, sells tobacco itself, sells tobacco related tchotchkes, works a cash register, maintains stock and inventory, places orders, delivers orders, cleans up the store, manages the store, and/or owns the store. All of these are possibilities given Plaintiff's lack of meaningful pleading specificity. Plaintiff's Complaint should therefore be dismissed.

### D.    **Plaintiff Has Not Properly Pleaded a Collective Action.**

While it is true that Plaintiff has not yet sought collective action certification, he is, nevertheless, attempting at this point to *plead* a collective action. Defendants cited ample authority in their Motion to Dismiss supporting a dismissal of this type of allegation unless it is well pleaded, which, in this instance, it is not. *See Bule v. Garda CL Southeast, Inc*., 2014 U.S. Dist. LEXIS 95618 (S.D. Fla. July 11, 2014); *Baide v. Sunsof, Inc.*, 2014 U.S. Dist. LEXIS 143274 *8, 2014 WL 5055124 (S.D. Fla. Oct. 7, 2014).[4] Moreover, one of the cases Plaintiff cites, *Dominguez v. Micro Ctr. Sales Corp*., No. 11 C 8202, 2012 U.S. Dist. LEXIS 67312 *6 (N.D. Ill. May 15, 2012), states that a collective action claim can be addressed at the pleading stage where, as here, it is fatally defective: "An exception to the general rule applies where the

---

[4]    Plaintiff cites contrary authority, but Defendants' case citations are the most recent treatment of the issue. Moreover, in a case Plaintiff cites, *Meggs v. Condotte Am., Inc*., No. 12-20876-CIV-GOODMAN, 2012 U.S. Dist. LEXIS 116326 (S.D. Fla. Aug. 17, 2012), the Court additionally determined that "[It] is satisfied that Meggs has sufficiently pled that there are similarly situated employees."

complaint reveals fatal deficiencies with class or collective action claims that warrant their dismissal at the pleading stage. *Id.*[5]

### E.   Conclusion.

For all of the foregoing reasons and citations of authority, and those that were stated in Defendants' Motion to Dismiss, Plaintiff's Complaint should be dismissed for failure to state a claim for which relief can be granted.

Dated: March 21, 2017.

        Respectfully submitted,

        */s/ Orion G. Callison, III, Esq.*
        Orion G. Callison, III, Esq. (Fla. Bar No. 0005223)
        orion@aglawpa.com
        LAW OFFICE OF ALEXIS GONZALEZ, P.A.
        3162 Commodore Plaza, Suite 3E
        Coconut Grove, Florida 33133
        Telephone: (305) 223-9999
        Facsimile: (305) 223-1880

### CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served electronically on the date referenced above by the CM/ECF system on all counsel or parties of record on the Service List below

        */s/ Orion G. Callison, III, Esq.*
        Orion G. Callison, III (Fla. Bar No. 0005223)

---

[5] Plaintiff argues in his response brief that he is not at this time required to file a written consent. And while that is a debatable issue, Defendants are not making that argument here or in their Motion to Dismiss.

**SERVICE LIST**

Jamie H. Zidell
J.H. Zidell P.A.
300 71st Street
Suite 605
Miami Beach, FL 33141
305-865-6766
Fax: 305-865-7167
Email: ZABOGADO@AOL.COM

Joshua Howard Sheskin
J.H. Zidell P.A.
300 71st Street
Suite 605
Miami Beach, FL 33141
305-865-6766
Fax: 305-865-7167
Email: jsheskin.jhzidellpa@gmail.com

Neil Tobak
J.H. Zidell P.A.
300 71st Suite 605
Miami Beach, FL 33141
305-773-3269
Email: ntobak.zidellpa@gmail.com