UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 1:17-cv-20380-UU

LUIS ALBERTO MATOS PRADA,

    Plaintiff,

v.

CUBA TOBACCO CIGAR, CO., *et al.*,

    Defendants.

                                                /

## ORDER

THIS CAUSE comes before the Court upon Defendants' Joint Motion to Dismiss Complaint. D.E. 17.

THE COURT has considered the Motion, the pertinent portions of the record and is otherwise fully advised in the premises.

On January 27, 2017, Plaintiff, Luis Alberto Matos Prada ("Plaintiff"), filed this Complaint against Defendants pursuant to the Fair Labor Standards Action, 29 U.S.C. §§ 201-216 ("FLSA"). D.E. 1. Plaintiff asserts one claim for Federal Overtime Wage Violation under FLSA. *Id.* ¶¶ 6-17. Plaintiff alleges that he worked for Defendants as a "tobacconist" on or about September 10, 2012 through November 16, 2016. *Id.* ¶ 9. Plaintiff further alleges that between the relevant time period of September 10, 2012 through November 16, 2016, he worked an average of 48 hours a week, but he was never paid the rate for any hours worked over 40 hours in one week, as required by FLSA. *Id.* ¶ 16.

On March 1, 2017, Defendants filed their Motion to Dismiss Complaint, requesting that this Court dismiss the Complaint on the following grounds: (1) Plaintiff's Complaint should be

1

dismissed to the extent it seeks damages for work that was performed more than three years prior to the date the Complaint was filed, as such claim is barred by the statute of limitations; (2) the Complaint fails to sufficiently allege that enterprise and/or individual coverage exist under FLSA in this case; and (3) Plaintiff's claims on behalf of "all others similarly situated" should be dismissed for his failure to state a plausible claim.  The Court agrees.

First, a cause of action alleging arising out of a willful violation of FLSA must be commenced within three years after the cause of action accrued.  *Allen v. Board of Public Educ. for Bibb Cnty.*, 495 F.3d 1306, 1323 (11th Cir. 2007) (citing 29 U.S.C. § 255(a)).  All other claims for overtime wages must be brought within two years.  *See Powell v. Carey Intern., Inc.*, 483 F. Supp. 2d 1168, 1174 (S.D. Fla. 2007).  Here, Plaintiff is alleging overtime violations that occurred more than three years prior to the filing of the Complaint, which was January 27, 2017.  Therefore, the Court agrees that Plaintiff is barred from seeking relief for any alleged FLSA violations that occurred before January 27, 2014.[1]

Second, the Court agrees with Defendants that Plaintiff fails to plead a sufficient factual foundation for individual or enterprise liability under FLSA.  The Complaint is wholly devoid of any allegations as to what type of business Defendants are in, what a "tobacconist" does, and what type of work Plaintiff performed.  While the Court is mindful that Plaintiff need not comply with a heightened pleading requirement, Plaintiff must come forward with "factual underpinnings" to support his claims.  *See Villafana v. Our Children's Planet Corp.*, Case No. 15-23432, 2016 WL 3470013, at *3 (S.D. Fla. Mar. 24, 2016) ("Although the Court recognizes

---

[1] To the extent Plaintiff is able to prove at trial that the remaining viable violations were "willful" within the meaning of FLSA, then Plaintiff may seek damages for claims from January 27, 2014 through January 27, 2017; however, if Plaintiff fails at establishing such violations were "willful," then Plaintiff is barred from seeking claims prior to January 27, 2015.  The question of whether the violations were "willful" is an issue for the jury.  *See McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 135 (1988).

that an FLSA plaintiff "need not do much" to allege enterprise coverage, a plaintiff must provide the 'factual underpinnings' which support his general allegations and legal conclusions.") (internal citations omitted).  The Court finds that Plaintiff failed to state a claim as his allegations are conclusory and mere recitations of the requisite elements.  On these grounds, Defendants' Motion is GRANTED; however, Plaintiff will be granted leave to amend his Complaint.

Third, while the Court is aware that form Complaints are filed in FLSA cases – much to the chagrin of this Court – simply alleging that a claim should proceed as a collective action, without providing sufficient factual support, is unacceptable. Because there are no facts to substantiate that this case should proceed as a collective action, the Court is dismissing these conclusory allegations without prejudice.  *See Bule v. Garda CL Southeast, Inc.*, Case No. 14-21898-CIV, 2014 WL 3501546, at *4 (S.D. Fla. July 14, 2014) ("When plaintiffs bring an FLSA action for and on behalf of themselves and other similarly situated employees the complaint should indicate who those other employees are, and allege facts that would entitle them to relief.")  Accordingly, it is hereby

ORDERED AND ADJUDGED that Defendants' Joint Motion to Dismiss Complaint (D.E. 17) is GRANTED.  Count I is DISMISSED WITHOUT PREJUDICE.  Plaintiff's claims for FLSA violations that occurred prior to January 27, 2014 are DISMISSED WITH PREJUDICE.  It is further

ORDERED AND ADJUDGED that Plaintiff SHALL file his Amended Complaint, if he wishes, to correct the deficiencies addressed in this Order no later than **Friday, March 31, 2017**.

DONE AND ORDERED in Chambers at Miami, Florida, this 24th day of March, 2017.

*[signature]*
UNITED STATES DISTRICT JUDGE

cc:
counsel of record via cm/ecf