UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:17-20380-CIV-UU

LUIS ALBERTO MATOS PRADA and all )
others similarly situated under 29 U.S.C. )
216(b), )
 )
        Plaintiffs, )
vs. )
 )
CUBA TOBACCO CIGAR, CO. a/k/a )
TABACALERA LAS VILLAS CIGAR, CO., )
TABACALERA BELLO USA, CO., )
LA CASA DEL TABACO CO., )
LA CASA DE LA TROVA CO., )
LA ZORRA Y EL CUERVO INC., )
PEDRO D. BELLO, )
 )
        Defendants. )
_____ )

## FIRST AMENDED COMPLAINT UNDER 29 U.S.C. 201- 216 OVERTIME WAGE VIOLATIONS[1]

Plaintiff, LUIS ALBERTO MATOS PRADA, on behalf of himself and all others similarly situated under 29 U.S.C. 216(b), through undersigned counsel, files this Complaint against Defendants, CUBA TOBACCO CIGAR, CO. a/k/a TABACALERA LAS VILLAS CIGAR, CO., TABACALERA BELLO USA, CO., LA CASA DEL TABACO CO.,LA CASA DE LA TROVA CO.,LA ZORRA Y EL CUERVO INC.,  and PEDRO D. BELLO, and alleges:

1. This is an action arising under the Fair Labor Standards Act 29 U.S.C. §§ 201-216.

2. The Plaintiff was a resident of Miami-Dade County, Florida at the time that this dispute arose.

---

[1] The Complaint is being amended in accordance with the Court's Order [DE20] upon Defendants' Joint Motion to Dismiss Complaint [DE17] correcting "the deficiencies addressed in" said Order.

**1** of **8**

3. The Defendant CUBA TOBACCO CIGAR, CO. a/k/a TABACALERA LAS VILLAS CIGAR, CO., TABACALERA BELLO USA, CO., LA CASA DEL TABACO CO., LA CASA DE LA TROVA CO., LA ZORRA Y EL CUERVO INC., is a company that regularly transacts business within Miami-Dade County by selling hand rolled cigars to retailers and public consumers. Upon information and belief, the Defendant Corporation was the FLSA employer for Plaintiff's respective period of employment ("the relevant time period").

4. The individual Defendant PEDRO D. BELLO is a corporate officer and/or owner and/or manager of the Defendant Corporations who ran the day-to-day operations of the Corporate Defendants for the relevant time period and was responsible for paying Plaintiff's wages for the relevant time period and controlled Plaintiff's work and schedule and was therefore Plaintiff's employer as defined by 29 U.S.C. 203 (d).

5. All acts or omissions giving rise to this dispute took place in Miami-Dade County.

### COUNT I. FEDERAL OVERTIME WAGE VIOLATION

6. This action arises under the laws of the United States. This case is brought as a collective action under 29 USC 216(b). It is believed that the Defendants have employed at least two (2) other similarly situated employees (i.e. tobacconist) like Plaintiff who worked the same and/or similar hours to Plaintiff and were paid the same and/or similarly to Plaintiff and, as such, have not been paid overtime wages for work performed in excess of 40 hours weekly from the filing of this complaint back three years. Plaintiff intends to fully utilize the FLSA opt-in process and/or to certify as applicable and/or to add opt-in Plaintiff(s) (with requisite consent(s) and affidavits) within the State of Florida and/or across the United States.

7. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 as this case is brought pursuant to

The Fair Labor Standards Act, 29 U.S.C. §§ 201-219 (section #216 for jurisdictional placement).

8. 29 U.S.C. § 207 (a) (1) states, "Except as otherwise provided in this section, no employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed."

9. Plaintiff worked for Defendants as a tobacconist and cigar hand-roller, practicing in all things related to tobacco from on or about September 10, 2012 through November 16, 2016. Plaintiff's job duties required of him by Defendants included, but were not limited to, preparing the tobacco by peeling it off, cutting the tobacco leaves and rolled cigars with the cutting machine, preserving the tobacco in plastic containers for later use, and pressing and rolling cigars with tobacco leaves imported from Honduras and Nicaragua. Plaintiff was also required to assist with customer service, such as answering customer questions related to the products, cleaning his station and the shop, and assisting with other general maintenance duties (i.e. assisting with fixing the toilet when broken). Plaintiff was also required by Defendants to assist with unloading supplies from the delivery trucks. Plaintiff performed his job duties alongside at least two (2) other similarly situated employees (i.e. tobacconist) like Plaintiff and would be supervised on a regular and recurrent basis by the individual Defendant, PEDRO D. BELLO, and/or the individual Defendant's son and/or the individual Defendant's wife.

10. Individual FLSA coverage is believed to exist in this matter as the Plaintiff was directly

participating in the actual movement of persons or things in interstate commerce in light of the prevailing law. *See, Thorne v. All Restoration Servs.*, 448 F.3d 1264, 1264-65 (11th Cir. 2006).

11. Under information and belief, Defendants' business is a retailer of tobacco products in various forms and makes and sells premium handcrafted Cuban-style cigars. Defendants' business also produces private cigar labels hand-rolled by rollers for other tobacconists as well as their house-brand. In addition to hand-rolled Cuban style cigars, Defendants' store regularly sells other items (i.e. hats and shirts with the store's logo, ashtrays, lighters, etc.) which was in addition to their sales of the cigars. Defendants regularly receive shipments of goods and materials from suppliers located within the state of Florida and/or across the U.S. and/or across the world (i.e. Honduras). Plaintiff then regularly prepared the tobacco by peeling it off, cutting the tobacco leaves and rolling the cigars with the cutting machine preserving the tobacco in plastic containers for later use, and pressing and rolling cigars with tobacco leaves imported from Honduras and Nicaragua, to be shipped to customers located within the state of Florida and/or across the U.S. and/or across the world (i.e. New York and Canada). The cigar is not a finished product until it is pressed and rolled by Plaintiff and either sold in the business to the Defendants' customers or shipped to Defendants' customers located within the state of Florida and/or across the U.S. and/or across the world (i.e. New York and Canada). The ultimate consumer is the Defendants' customers. The Defendants regularly ship their goods and materials including, but not limited to, cigars with tobacco leaves imported from Honduras to costumers within the state of Florida and/or across the us and/or across the world (i.e. New York and Canada). Further, under information and belief, Defendants have cigar factories in Little Havana, Miami, USA, and Dali, Honduras, Central

America.

12. The Fair Labor Standard act applies to Plaintiffs for the Defendant under FLSA enterprise coverage in light of the additional allegation regarding Defendants' gross sales and business done. Defendant's business activities involve those to which the Fair Labor Standards Act applies. Both the Defendant's business and the Plaintiff's work for the Defendants affected interstate commerce for the relevant time period. Plaintiff's work for the Defendants affected interstate commerce for the relevant time period because the materials and goods that Plaintiff handled/used on a constant and/or continual basis and/or that were supplied to him by the Defendants to use on the job moved through interstate commerce prior to and/or subsequent to Plaintiff's use of the same. The Plaintiff's work for the Defendants was actually in and/or so closely related to the movement of commerce while he worked for the Defendants that the Fair Labor Standards Act applies to Plaintiff's work for the Defendants.

13. Additionally, Defendants regularly employed two or more employees for the relevant time period who regularly handled goods or materials that travelled through interstate commerce, or used instrumentalities of interstate commerce, including, but not limited to, tobacco leaves imported from Honduras and Nicaragua, thus making Defendant's business an enterprise covered under the Fair Labor Standards Act.

14. Upon information and belief, the Defendant Corporation each, and/or combined had annual gross sales or business done in excess of $500,000 annually for the years 2013, 2014, 2015, and 2016.[2]Plaintiff hand-rolled, on average at a minimum of 100 cigars per day and believes

---

[2]Unless Defendants will stipulate that the $500,000 threshold is met, Plaintiff must have an opportunity to review all relevant tax records, and also to validate their accuracy through discovery. Regarding the monetary threshold, Plaintiff intends to conduct depositions (i.e. accountant, etc.) and obtain, *inter alia,* financial information including Tax Returns, Bank Statements, and all contracts to sell during the relevant years. Defendants who are in charge of

Defendants have employed at least two (2) other similarly situated employees (i.e. tobacconist) like Plaintiff who produced similarly. Further, Defendants' store regularly sells other items (i.e. hats and shirts with the store's logo, ashtrays, lighters, etc.) which was in addition to their sales of the cigars.

15. Upon information and belief, Defendants, CUBA TOBACCO CIGAR, CO. a/k/a TABACALERA LAS VILLAS CIGAR, CO., TABACALERA BELLO USA, CO., LA CASA DEL TABACO CO., LA CASA DE LA TROVA CO., and LA ZORRA Y EL CUERVO INC., are joint enterprises as defined by 29 U.S.C. 203(r) as the related activities between the companies, performed through unified operation and/or common control, are being done for a common business purpose.

16. Upon information and belief, Defendants, CUBA TOBACCO CIGAR, CO. a/k/a TABACALERA LAS VILLAS CIGAR, CO.,TABACALERA BELLO USA, CO.,LA CASA DEL TABACO CO., LA CASA DE LA TROVA CO., and LA ZORRA Y EL CUERVO INC., were Plaintiff's joint employer during Plaintiff's employment with the

---

their own business, are in a better position than Plaintiff to know their gross annual income and who their suppliers are as financial information is usually to be found in employer's hands, not ordinarily within a lower-level worker's knowledge who performed manual labor. *See, Pizza Zone Italian Grill & Sports Bar, Inc. supra*. Also, unless Defendants are willing to stipulate to the interstate commerce prong, Plaintiff will need to depose Defendants' suppliers *duces tecum* regarding where Defendants' supplies were purchased, manufactured, etc., and conduct a property inspection under Federal Rule of Civil Procedure 34. Defendants are in a better position than Plaintiff to deny or admit whether their business or Plaintiff were involved in the requisite interstate commerce and defendant-employers for axiomatic reasons would normally have more access to information regarding their businesses materials and goods used by their employees. At this point Plaintiff plans to seek discovery as to FLSA coverage/subject-matter jurisdiction should Defendants not admit same in their Answer and Affirmative Defenses. See, *Wirtz v. Savannah Bank & Trust Co*., 5 Cir., 362 F.2d 857." *Wirtz v. First Nat'l Bank & Trust Co*., 365 F.2d 641 (10th Cir. 1966).Review of 29 U.S.C. Section 203(k) and related case law make it clear Plaintiff  needs access to all of Defendants' contracts from the relevant period even if Defendants' customers defaulted on them; unless Defendants will stipulate that the $500,000 threshold is met.

Defendant Companies as the work performed by Plaintiff simultaneously benefited all Defendant Companies who were responsible for controlling Plaintiff's hours, determining Plaintiff's pay and which were operated by the same company officers for a common business purpose.

17. Individual Defendant PEDRO D. BELLO was Plaintiff's individual employer pursuant to 29 U.S.C. §203(d) as set forth above.

18. Between the period of on or about January 27, 2014 through on or about November 16, 2016,[3] Plaintiff worked an average of 48 hours a week for Defendants and was paid an average of $9.48 per hour but was never paid the extra half time rate for any hours worked over 40 hours in a week as required by the Fair Labor Standards Act. Plaintiff therefore claims the half time overtime rate for each hour worked above 40 in a week.

19. Defendants willfully and intentionally refused to pay Plaintiff's overtime wages as required by the Fair Labor Standards Act as Defendants knew of the overtime requirements of the Fair Labor Standards Act and recklessly failed to investigate whether Defendants' payroll practices were in accordance with the Fair Labor Standards Act. Defendants remain owing Plaintiff these wages since the commencement of Plaintiff's employment with Defendants for the time period specified above.

Wherefore, the Plaintiff requests double damages and reasonable attorney fees from Defendants, jointly and severally, pursuant to the Fair Labor Standards Act as cited above, to be proven at the time of trial for all overtime wages still owing from Plaintiff's entire employment

---

[3] Plaintiff is alleging overtime violations that occurred more than three years prior to the filing of the initial Complaint [DE1], which was January 27, 2017. Per the Court's Order [DE20], the Court has ruled that Plaintiff is barred from seeking relief for any alleged FLSA violations that occurred before January 27, 2014, the relevant time period.

period with Defendants or as much as allowed by the Fair Labor Standards Act along with court costs, interest, and any other relief that this Court finds reasonable under the circumstances. *The Plaintiff requests a trial by jury.*

                    Respectfully Submitted,

                    J.H. Zidell, Esq.
                    J.H. Zidell, P.A.
                    Attorney For Plaintiff
                    300 71st Street, Suite 605
                    Miami Beach, Florida 33141
                    Tel: (305) 865-6766
                    Fax: (305) 865-7167
                    Email: ZABOGADO@AOL.COM

                    By:__/s/ Neil Tobak_____
                    Neil Tobak, Esq.
                    Florida Bar Number: 93940

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY THAT A TRUE AND CORRECT COPY OF THE FOREGOING WAS PROVIDED VIA CM/ECF ON 3/30/17 TO:**

**ORION G. CALLISON , III, ESQ.
LAW OFFICE OF ALEXIS GONZALEZ, P.A., SUITE 3E
3162 COMMODORE PLAZA
COCONUT GROVE, FL 33133
PH: 305-223-9999
FAX: 305-223-1880
EMAIL: ORION@AGLAWPA.COM**