UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MIAMI

CASE NO. 1:17-cv-20380

LUIS ALBERTO MATOS PRADA and all
others similarly situated under 29 U.S.C.       [CONSENT CASE]
216(b),

    Plaintiffs,

-vs-

CUBA TOBACCO CIGAR, CO. a/k/a
TABACALERA LAS VILLAS CIGAR, CO.,
TABACALERA BELLO USA, CO.,
LA CASA DEL TABACO CO.,
LA CASA DE LA TROVA CO.,
LA ZORRA Y EL CUERVO INC., and
PEDRO D. BELLO

    Defendants.
_____/

## DEFENDANTS TABACALERA LAS VILLAS CIGAR, CO. d/b/a CUBA TOBACCO CIGAR, CO. AND PEDRO D. BELLO'S ANSWER AND AFFIRMATIVE DEFENSES

Defendants Tabacalera Las Villas Cigar, Co. d/b/a Cuba Tobacco Cigar, Co. ("Cuba Tobacco") and Pedro Bello ("Bello") (collectively "Defendants") hereby submit their Answer and Affirmative Defenses to Plaintiff's First Amended Complaint [DE-21], stating:

### Answer

1. In response to paragraph 1 of the Amended Complaint, Defendants admit that Plaintiff cites to the Fair Labor Standards Act ("FLSA") in his pleading. Defendants deny that such claim has any factual or legal merit.

2. In response to paragraph 2 of the Amended Complaint, Defendants are without knowledge of Plaintiff's current residence address or what Plaintiff intends by the phrase "at the

time that this dispute arose." Defendants are therefore without sufficient knowledge to admit or deny the allegations in paragraph 2 of the Amended Complaint.

      3.      In response to paragraph 3 of the Amended Complaint, defendants admit that Cuba Tobacco regularly conducts business in Miami-Dade County, Florida, that it sells hand rolled cigars, and that Plaintiff performed work for Cuba Tobacco rolling cigars. Defendants deny the remaining allegations in paragraph 3 of the Amended Complaint.

      4.      In response to paragraph 4 of the Amended Complaint, Defendants admit that Bello manages Cuba Tobacco. Defendants deny the remaining allegations in paragraph 4 of the Amended Complaint.

      5.      Defendants deny the allegations in paragraph 5 of the Amended Complaint, as Plaintiff does not define what is meant by "[a]ll acts or omissions giving rise to this dispute."

      6.      In response to paragraph 6 of the Amended Complaint, Defendants admit that Plaintiff is attempting to state a claim under the FLSA and that Plaintiff is further attempting to make a claim on behalf of other allegedly similarly situated employees. Defendants deny that such claims have any legal or factual merit and deny all other allegations in paragraph 6 of the Amended Complaint.

      7.      In response to paragraph 7 of the Amended Complaint, Defendants admits that this case presents a federal question for purposes of federal question jurisdiction. Defendants deny all other allegations in paragraph 7 of the Amended Complaint.

      8.      In response to paragraph 8 of the Amended Complaint, Defendants admit that Plaintiff is quoting a portion of the FLSA. Defendants deny all other allegations in paragraph 8 of the Amended Complaint.

9. In response to paragraph 9 of the Amended Complaint, Defendants admit that Plaintiff performed work for Cuba Tobacco during time periods within the three (3) years preceding the filing of Plaintiff's original Complaint, and that his job consisted of rolling tobacco for cigars and related tasks. Defendants deny the remaining allegations in paragraph 9 of the Amended Complaint.

10. Defendants deny the allegations in paragraph 10 of the Amended Complaint.

11. Defendants object to and move to strike paragraph 11 of the Amended Complaint on the grounds that it contains a full page of narrative, compound, and verbose allegations in violation of Federal Rule of Civil Procedure 8(d)(1)("Each allegation must be simple, concise, and direct"). Defendants further object to the extent that Plaintiff is making a legal argument in his Amended Complaint rather than pleading facts. Without waiver of said objections, Defendants admit that Cuba Tobacco is in the business of selling cigars and related products from its store in Miami, Florida. Defendants deny the remaining allegations in paragraph 11 of the Amended Complaint.

12. Defendants object to and move to strike paragraph 12 of the Amended Complaint on the grounds that it contains a full page of narrative, compound, and verbose allegations in violation of Federal Rule of Civil Procedure 8(d)(1)("Each allegation must be simple, concise, and direct"). Defendants further object to the extent that Plaintiff is making a legal argument in his Amended Complaint rather than pleading facts. Defendants additionally object to the inappropriate footnote to paragraph 12 of the Amended Complaint, consisting of a meandering narrative of Plaintiff's future intentions in this litigation. *See Venezia v. Union Cty. Prosecutor's Office*, No. 10-6692 (MLC), 2011 U.S. Dist. LEXIS 58043 (D.N.J. May 31, 2011)("The

Amended Complaint has forty footnotes; it should contain none."). Without waiver of said objections, Defendants deny the allegations in paragraph 12 of the Amended Complaint.

13. In response to paragraph 13 of the Amended Complaint, Defendants admit that more than two persons performed work for Cuba Tobacco during the three year period preceding the filing of Plaintiff's Complaint. Defendants deny the remaining allegations in paragraph 13 of the Amended Complaint.

14. In response to paragraph 14 of the Amended Complaint, Defendants admit that Cuba Tobacco had gross annual sales or business in excess of $500,000 for the years 2014-2015. Defendant has not yet finalized its 2016 income tax returns and is therefore without knowledge to admit or deny whether Cuba Tobacco had gross annual sales or business in excess of $500,000 for 2016. Defendants deny that Cuba Tobacco had gross annual sales or business in excess of $500,000 for the year 2013. Defendants admit that Cuba Tobacco is in the business of selling cigars and related products from its store in Miami, Florida. Defendants admit that Plaintiff performed work during the three (3) years preceding the filing of Plaintiff's original Complaint, and that his job consisted of rolling tobacco for cigars and related tasks. Defendants object to the inappropriate footnote to paragraph 14 of the Amended Complaint, consisting of a meandering narrative of Plaintiff's future intentions in this litigation. *See Venezia v. Union Cty. Prosecutor's Office*, No. 10-6692 (MLC), 2011 U.S. Dist. LEXIS 58043 (D.N.J. May 31, 2011)("The Amended Complaint has forty footnotes; it should contain none."). Defendants deny the remaining allegations in paragraph 14 of the Amended Complaint.

15. Defendants deny the allegations in paragraph 15 of the Amended Complaint.

16. Defendants deny the allegations in paragraph 16 of the Amended Complaint.

17. In response to paragraph 17 of the Amended Complaint, Defendants admit that Bello manages Cuba Tobacco. Defendants deny the remaining allegations in paragraph 17 of the Amended Complaint.

18. Defendants deny the allegations in paragraph 18 of the Amended Complaint.

19. Defendants deny the allegations in paragraph 19 of the Amended Complaint.

20. Defendants deny any and all allegations in the Amended Complaint which have not been specifically and expressly admitted herein, and demand strict proof thereof.

21. Defendants deny Plaintiff's "Wherefore" clause in the Amended Complaint in its entirety, both as to allegations and any claims made and all relief requested.

22. Defendants object to, and move to strike, all legal argument and conclusions contained in the Complaint and all footnotes in the Amended Complaint.

23. Defendants deny that there are "other similarly situated individuals" and deny that Plaintiff can properly represent any such group or class.

24. As a result of Plaintiff's claims against Defendants, Defendants have been required to retain the undersigned counsel to represent them and to pay their counsel a reasonable attorney's fee. Should they prevail in this action, Defendants reserve the right to seek and/or apply for an award of attorney's fees and costs against Plaintiff on the grounds that this suit has been brought in bad faith.

## **Affirmative Defenses**

*FIRST AFFIRMATIVE DEFENSE – FAILURE TO STATE A CLAIM
FOR WHICH RELIEF CAN BE GRANTED*

Plaintiff's Amended Complaint fails to state a claim for which relief can be granted on the grounds that:

(a) Plaintiff asserts pure legal conclusions that are unsupported by sufficient factual matter, and that, if accepted as true, would not state a claim for relief that is plausible on its face. *See Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007));

(b) Plaintiff has failed to allege essential and required elements of his claim under the FLSA;

(c) Plaintiff's allegations are vague and ambiguous, and lack necessary specificity;

(d) Plaintiff has not made any allegation that would support the designation of this case as a collective action or for it to proceed as a collective action. Employees in a collective action should be "similarly situated" with respect to their job requirements and with regard to their pay provisions. *See Morgan v. Family Dollar Stores*, 551 F.3d 1233, 1259-60 (11th Cir. 2008). Additionally, a plaintiff must show "commonality between the basis for his claims and that of the potential claims of the proposed class, beyond the mere facts of job duties and pay provisions." *Baide v. Sunsof, Inc.*, 2014 U.S. Dist. LEXIS 143274 *8, 2014 WL 5055124 (S.D. Fla. Oct. 7, 2014). Plaintiff has not alleged that there is any current or former employee who has any interest in joining this lawsuit. *See Chalker v. Burlington Coat Factory of Fla., LLC*, 2013 U.S. Dist. LEXIS 159628 [HN 3, 4] (M.D. Fla. 2013)("[P]laintiff must show that … there are other employees who desire to opt in to the action ….");

(e) Plaintiff did not file with, or include in, the Complaint any written consent form pursuant to 29 U.S.C. § 216(b) and § 256, either for himself or for anyone else. This Court has held on many occasions that written consent forms are required, both for named plaintiffs and any "opt in" plaintiffs. *See, e.g., Lago v. Amoa Const. & Development Corp.*, 2008 WL 4540062 (S.D. Fla. 2008)("It is also clear that a written consent was required of the named plaintiff, as

6

well as any other opt-in plaintiffs, if Plaintiff intended to pursue a collective action"); *Lira v. Arrow Air, Inc.*, Case No 05-2373-Lenard [D.E. 23] (S.D. Fla. April 17, 2006) ("… the Court finds that both named and opt-in plaintiffs must file a document indicating their consent to participate in a collective action under the FLSA"*)*; *Peralta v. Greco Intern. Corp.*, 2011 WL 5178274, *2 (S.D. Fla. 2011)("The Court sees no reason to depart from *Lussi* and *Lago*. The statutory language is unambiguous. As a result, Plaintiffs must either file their written consents or must proceed individually and not on behalf of others similarly situated."); *Lussi v. Design-Build & Engineering, Inc.,* 2010 U.S. Dist. LEXIS 38780, 2010 WL 1571158 (S.D. Fla. 2010)("Plaintiffs must either file their written consents or must proceed individually and not on behalf of others similarly situated."); *Melanio E. Rojas De Leon, et. al. v. Amaran Painting, Inc.*, et. al., Case No. 13-CV-20862-Cooke/Turnoff (S.D. Fla. June 24, 2013)("[i]f Plaintiffs intend to pursue a collective action, then they must file written consents along therewith. Failure to do so will result in the Court striking any references to a collective action, and the matter proceeding as to the named Plaintiffs, individually");

(f) Plaintiff improperly lumps all of the defendants together in his pleading. *See Great Florida Bank v. Countrywide Home Loans, Inc.*, 2011 U.S. Dist. LEXIS 10321 *7-10 (S.D.Fla. 2011)(and cases cited therein)(denouncing the practice of lumping defendants together), *Lane v. Capital Acquisitions & Mgmt. Co*., No. 04-60602 CIV, 2006 U.S. Dist. LEXIS 96422, 2006 WL 4590705, at *5 (S.D. Fla. Apr. 14, 2006)("By lumping all the defendants together in each claim and providing no factual basis to distinguish their conduct, the Lane's Complaint fails to satisfy the minimum standard of Rule 8."), *aff'd sub nom. Lane v. XYZ Venture Partners, L.L.C*., 322 F. App'x 675 (11th Cir. 2009); and

(g) The Amended Complaint violates Federal Rule of Civil Procedure 8(d)(1)("Each allegation must be simple, concise, and direct").

### SECOND AFFIRMATIVE DEFENSE – PAYMENT

Cuba Tobacco fully paid Plaintiff for all work Plaintiff performed for Cuba Tobacco. Cuba Tobacco paid Plaintiff in excess of minimum wage for an agreed upon amount of work for all normal hours worked per week. Plaintiff did not work overtime hours.

### THIRD AFFIRMATIVE DEFENSE – NO JOINT EMPLOYER RELATIONSHIP

Defendants are not a joint enterprise, joint employer or alter egos of one another.

### FOURTH AFFIRMATIVE DEFENSE – STATUTE OF LIMITATIONS

Plaintiff's FLSA claim is barred by the FLSA statute of limitations for all alleged non-willful conduct, if any, that is claimed to have occurred more than two years prior to the filing of this action, and is barred by the statute of limitations for all alleged willful conduct, if any, that is claimed to have occurred more than three years prior to the filing of this action.

### FIFTH AFFIRMATIVE DEFENSE – GOOD FAITH AND LACK OF WILLFUL CONDUCT

While Defendants deny they violated the FLSA, should this Court find otherwise, any alleged violation was not willful, was not malicious, was not reckless, was wholly unintentional, and was without knowledge of any wrongdoing. Defendants believed and acted in good faith with an honest intention to ascertain and follow the dictates of applicable law. Accordingly, there is no basis for a finding of willfulness, either as to the length of the statute of limitations or as to any claim for liquidated damage.

### SIXTH AFFIRMATIVE DEFENSE – LACK OF ENTERPRISE AND INDIVIDUAL COVERAGE UNDER THE FLSA

Plaintiff has not made sufficient factual allegations to establish enterprise or individual FLSA liability.

### *SEVENTH AFFIRMATIVE DEFENSE – UNRELIABLE AND SPECULATIVE HOURS ESTIMATE*

Plaintiff's allegations regarding his claimed hours is not accurate, and is not a good faith estimate or approximation, but rather is completely baseless, entirely unreliable, has no grounding in fact, and is not supported by evidence. The damages Plaintiff claims and/or the damages claimed by the members of the alleged group which Plaintiff purports to represent are barred to the extent they are speculative and/or unsupported in nature.

### *EIGHTH AFFIRMATIVE DEFENSE – NON-COMPENSABLE HOURS*

Plaintiff's claim for alleged overtime work potentially includes hours which would not be compensable as overtime under the FLSA; e.g., time for which Plaintiff did not work 40 hours during the work week, vacation days, sick days, personal days, holidays, idle time, *ultra vires* acts, personal errands, meals, unauthorized extended breaks, time spent in home-to-work travel and activities which are preliminary to or postliminary to Plaintiff's principal activity or activities, or otherwise made non-compensable under 29 U.S.C. § 254.

### *NINTH AFFIRMATIVE DEFENSE – LIMITED REMEDIES*

Plaintiff's damages, if proven, are limited to those remedies, elements, time periods and amounts provided for by the FLSA.

### **Reservation of Rights**

Defendants reserve the right to assert any additional affirmative defenses depending upon any evidence discovered in defense of this litigation.

### **Demand for Jury Trial**

Defendants hereby demand a trial by jury as to all claims and defenses so triable as of right.

**WHEREFORE**, having fully answered the Amended Complaint, and having raised affirmative defenses thereto, Defendants respectfully requests that this Court:

(a) dismiss the Amended Complaint with prejudice;

(b) deny each demand for relief;

(c) strike Plaintiff's legal arguments;

(d) deny Plaintiff's request for liquidated damages;

(e) deny Plaintiff's request to extend the statute of limitations to three (3) years;

(f) deny Plaintiff's request for attorney's fees, costs and interest;

(g) award Defendants their costs, disbursements, and reasonable attorney's fees incurred in defending Plaintiff's unsupported claim;

(h) deny the request for a collective action; and

(i) award Defendants such other and further relief as this Court may deem appropriate.

Dated: April 12, 2017

        Respectfully submitted,

        */s/ Orion G. Callison, III, Esq.*
        Orion G. Callison, III, Esq. (Fla. Bar No. 0005223)
        orion@aglawpa.com
        LAW OFFICE OF ALEXIS GONZALEZ, P.A.
        3162 Commodore Plaza, Suite 3E
        Coconut Grove, Florida 33133
        Telephone: (305) 223-9999
        Facsimile: (305) 223-1880

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served electronically on the date referenced above by the CM/ECF system on all counsel or parties of record on the Service List below

/s/ Orion G. Callison, III, Esq.
Orion G. Callison, III (Fla. Bar No. 0005223)

## SERVICE LIST

Jamie H. Zidell, Esq.
J.H. Zidell P.A.
300 71st Street
Suite 605
Miami Beach, FL 33141
305-865-6766
E-mail: zabogado@aol.com

Joshua Howard Sheskin, Esq.
J.H. Zidell P.A.
300 71st Street
Suite 605
Miami Beach, FL 33141
E-mail: jsheskin.jhzidellpa@gmail.com

Rivkah Fay Jaff, Esq.
J.H. Zidell, P.A.
City National Bank Building
300 71st St Ste 605
Miami Beach, FL 33141-3089
E-mail: rivkah.jaff@gmail.com

Neil Tobak, Esq.
J.H. Zidell P.A.
300 71st Suite 605
Miami Beach, FL 33141
305-773-3269
E-mail: ntobak.zidellpa@gmail.com