UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:17-CV-20380-JJO

| | |
|---|---|
| LUIS ALBERTO MATOS PRADA and all others similarly situated under 29 U.S.C. 216(b), <br><br> Plaintiffs, <br> vs. <br><br> CUBA TOBACCO CIGAR, CO. a/k/a TABACALERA LAS VILLAS CIGAR, CO., TABACALERA BELLO USA, CO., LA CASA DEL TABACO CO., LA CASA DE LA TROVA CO., LA ZORRA Y EL CUERVO INC., PEDRO D. BELLO, <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |

**JOINT PLANNING AND SCHEDULING REPORT**

Pursuant to Fed. R. Civ. P. 26(f), Rule 16.1(b) of the Local Rules for the Southern District of Florida, and this Court's Order Setting Initial Planning and Scheduling Conference dated February 29. 2016 [D.E. 9], Plaintiff, LUIS ALBERTO MATOS PRADA ("Plaintiff"), and Defendants CUBA TOBACCO CIGAR, CO. a/k/a TABACALERA LAS VILLAS CIGAR, CO., and PEDRO D. BELLO, ("Defendants") (collectively referred to herein as "Defendants"), hereby file this Joint Planning and Scheduling Report.

1. **A plain statement of the nature of the claim and any Counterclaims, cross-claims, or third party claim, including the amount of damages claimed and any other relief sought.**

Plaintiff filed a complaint under the Fair Labor Standards Act for unpaid overtime wages. Plaintiff's overtime claim is for a 146-week period (January 27, 2014 through on or about

November 16, 2016) and alleges that she worked an average of 48 hours per week. Plaintiff's claims are valued as set forth in the operative Complaint. Plaintiff also seeks statutory doubling for the wages along with attorneys' fees and costs from the Defendants, jointly and severally. Plaintiff reserves the right to seek time and one-half damages for any other completely unpaid overtime hours should the facts adduced in discovery justify same. Plaintiff demands a trial by jury.

2. **A brief summary of the facts which are uncontested or which can be stipulated to without discovery.**

   **None at this time.**

3. **A brief summary of the issues as presently known.**

   Defendants deny liability and assert that Plaintiff was fully paid for all work performed, and that Plaintiff did not work overtime. Defendants deny that any alleged conduct was willful and deny that liquidated damages are justified.

4. **Whether discovery should be conducted in phases or limited to particular issues.**

   The parties believe that discovery should not be conducted in phases or limited to any particular issues. The Parties agree to follow the discovery deadlines as set forth by the Court. Plaintiff intends to fully utilize the FLSA opt-in process and will seek leave to amend or certify, if applicable. Defendants will oppose opt-in certification if and when it is attempted.

5. **A detailed schedule of discovery for each party.**

    a.  Limitations on discovery and supplementation of discovery responses are to be in accordance with the Federal Rules of Civil Procedure and the Local Rules of the Southern District of Florida.

    b.  The parties have agreed that all discovery shall be completed on or before May 1, 2018.

    c.  The parties will coordinate the scheduling of all depositions.

**6.** **Proposed deadlines for joinder of other parties and to amend the pleadings, to file and hear motions and to complete discovery.** '

  **a. To Join Parties and to Amend Pleadings:**

  The parties agree that the deadline to join parties and to amend the pleadings shall be on or before October 10, 2017

  **b.**  **To file and hear motions:**

  The parties have agreed that all dispositive pretrial motions and memoranda of law shall be filed and served on or before May 22, 2018.

  The parties have further agreed that all motions *in limine* shall be filed and served in accordance with Rule 16.1(j), S.D.Fla.L.R.

  **c.**  **To complete discovery:**

  The parties have agreed that all fact and expert discovery shall be completed on or before March 1, 2018.

**7.**  **Proposed approximate dates for final pre-trial conferences and trial.**

  The Parties agree that a final pre-trial conference should occur on June 5, 2018, and that trial should commence the week of June 25, 2018.

**8.** **The projected time necessary for trial and a statement of whether the case is jury or non-jury.**

At this time, the parties estimate that this trial will take approximately 3 days (longer if additional Plaintiffs join the case). Plaintiff has requested a jury trial.

9. **A list of all pending motions, whether each motion is "ripe" for review, the date each motion became ripe, and a summary of the parties' respective positions with respect to each ripe motion.**

    None at this time.

10. **Any unique legal or factual aspects of the case requiring special consideration by the Court.**

    There are no unique legal or factual aspects of the case anticipated at this time which require the Court's special consideration.

11. **Any potential need for references to a special master or magistrate.**

    At this time, the parties do not anticipate the need for references to a special master or magistrate. The parties have no objection to referring discovery matters to the magistrate judge. The parties do not consent to trial before a magistrate judge or to a ruling on dispositive motions by the magistrate judge.

12. **The status and likelihood of settlement.**

    The Parties express an interest in resolving this case amicably. The parties agree to continuously explore the possibility of settlement and have already commenced settlement discussions.

13. **Such other matters as are required by Local Rule 16.1(b) and as may aid the Court in setting the case for status or pretrial conference and in the fair and expeditious administration and disposition of this action.**

    At this time, the parties are unaware of any other information that might aid the Court in the fair and expeditious administration and disposition of this action.

14. **Certification as to initial Disclosures**: The Parties each certify that they have made their Initial Disclosures on April 7, 2017 and will supplement as required by the rules.

*Jointly and respectfully submitted,*

| COUNSEL FOR PLAINTIFF | COUNSEL FOR DEFENDANTS |
|---|---|
| By:   Neil Tobak<br>Neil Tobak, Esq.<br>Florida Bar No.: 93940<br>ntobak.zidellpa@gmail.com<br>J.H. Zidell, P.A.<br>300 71st Street, #605<br>Miami Beach, FL 33141<br>Telephone:   (305)865-6766<br>Facsimile:    (305)865-7167 | By:   Orion G. Callison , III<br>Orion G. Callison , III<br>Law Office of Alexis Gonzalez, P.A.<br>Suite 3E<br>3162 Commodore Plaza<br>Coconut Grove, FL 33133<br>305-223-9999<br>Fax: 305-223-1880<br>Email: orion@aglawpa.com |

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on this 25th day of April 2017, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

**s/ Neil Tobak, ESQ.**

**ATTACHED SERVICE LIST**
**CASE NO.: 1:17-cv-20380-JJO**

Neil Tobak, Esq.
Fla. Bar No. 93940
Jamie H. Zidell, Esq.
Fla. Bar No. 10121
J.H. ZIDELL, P.A.
300 71st Street, Suite. 605
Miami Beach, FL 33141
Tel: 305-865-6766
Fax: 305-865-7167
Email: ntobak.zidellpa@gmail.com
Email: ZABOGADO@aol.com
*Attorneys for Plaintiff*


Orion G. Callison , III
Law Office of Alexis Gonzalez, P.A.
Suite 3E
3162 Commodore Plaza
Coconut Grove, FL 33133
305-223-9999
Fax: 305-223-1880
Email: orion@aglawpa.com
*Attorneys for Defendants*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:17-CV-20380-JJO

LUIS ALBERTO MATOS PRADA and all )
others similarly situated under 29 U.S.C. )
216(b), )
 )
 )
        Plaintiffs, )
vs. )
 )
 )
CUBA TOBACCO CIGAR, CO. a/k/a )
TABACALERA LAS VILLAS CIGAR, CO., )
TABACALERA BELLO USA, CO., )
LA CASA DEL TABACO CO., )
LA CASA DE LA TROVA CO., )
LA ZORRA Y EL CUERVO INC., )
PEDRO D. BELLO, )
 )
        Defendants. )
_____ )

## JOINT PLANNING AND SCHEDULING ORDER

Pursuant to Fed.R. Civ. P. 26(f) and S.D.Fla. L.R. 16.1(B), and upon consideration of the Joint Planning and Scheduling Report filed by the Parties and being otherwise duly advised, it is

ORDERED AND ADJUDGED:

1. All expert and non-expert discovery shall be completed by _____.

2. All depositions of non-expert witnesses and expert witness shall be completed by _____.

3. Joinder of other parties shall be completed by _____.

4. All Pleadings shall be amended by _____.

5. All Motions dispositive and otherwise shall be filed and heard by _____.

6. The Final Pretrial Conference shall be held no later than _____.

7. Trial shall begin the (2) week period commencing _____ unless a continuance is granted in accordance with the local rules and the Federal Rules of Civil Procedure.

8. This case is assigned to the standard track pursuant to Local Rule 16.1 (A) (2) as it is estimated this case will require 3 to 5 days for trial.  This shall be a trial by jury.

DONE AND ORDERED in chambers in Miami, Florida, on this _____ day of _____, 2017.

_____
JOHN J. O'SULLIVAN
UNITED STATED MAGISTRATE JUDGE

Copies to: Counsel of Record