UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MIAMI

CASE NO. 1:17-cv-20380-JJO

LUIS ALBERTO MATOS PRADA and all
others similarly situated under 29 U.S.C.
216(b),

    Plaintiffs,                                               [CONSENT CASE]

-vs-

CUBA TOBACCO CIGAR, CO. a/k/a
TABACALERA LAS VILLAS CIGAR, CO.,
TABACALERA BELLO USA, CO.,
LA CASA DEL TABACO CO.,
LA CASA DE LA TROVA CO.,
LA ZORRA Y EL CUERVO INC.,
PEDRO D. BELLO,

    Defendants.

_____/

## MOTION TO DISMISS AMENDED COMPLAINT, AND SUPPORTING MEMORANDUM OF LAW

Defendants Tabacalera Bello USA, Co. ("USA"), La Casa del Tabaco Co. ("La Casa"), La Casa de la Trova Co. ("Trova"), and La Zorra y el Cuervo Inc. ("La Zorra") hereby move, pursuant to Federal Rule of Civil Procedure 12(b)(6), to dismiss Plaintiff's Amended Complaint [DE-21] for failure to state a claim for which relief can be granted, and to strike footnote 2 on pages 5-6 of the Amended Complaint stating:

### Motion

1.    This is a Fair Labor Standards Act ("FLSA") case against five (5) companies and an individual, where the company defendants have all been improperly lumped together in the

Amended Complaint, thereby frustrating efforts at a response and failing to state a claim for which relief can be granted.

2. When Plaintiff filed this action in January, 2017 [DE-1], he originally served only Tabacalera las Villas Cigar, Co. d/b/a Cuba Tobacco Cigar, Co. ("Cuba Tobacco") and the individual defendant Pedro Bello. [DE-9].

3. Defendants USA, La Casa, Trova and Zorra (collectively the "Undifferentiated Defendants") were not served until the undersigned counsel accepted service on their behalf four months later on April 26, 2017. [DE-30].

4. By the time the Undifferentiated Defendants were served, an Amended Complaint had been filed [DE-21] following this Court's ruling on Cuba Tobacco's Motion to Dismiss. [DE-20].

5. The Amended Complaint fails to make specific factual allegations against each of the Undifferentiated Defendants.

6. Plaintiff fails to plead facts that would support the exercise of enterprise or individual FLSA coverage over each of the Undifferentiated Defendants.

7. Plaintiff fails to plead the elements of a FLSA claim against each of the Undifferentiated Defendants.

8. Instead, Plaintiff alleges that the Undifferentiated Defendants are an "a/k/a," joint enterprise and/or joint employer with Cuba Tobacco [DE-21, ¶ ¶ 3, 15, 16]. Scant and insufficient facts are offered in support of these contention, and what has been alleged are mostly formulaic catch phrases tracking statutory language. Plaintiff has made insufficient allegations to establish a joint employer or joint enterprise relationship.

9. By making blanket allegations against all defendants as a group, Plaintiff appears to take the position that he does not have to have separate counts against each defendant, and to plead in those counts the facts that are related to each one. This is not a proper pleading practice, and Plaintiff has failed to state a claim for which relief can be granted.

10. Plaintiff is also putting five (5) different companies in the unreasonable position of answering a pleading that forces them to answer allegations addressed not only to them but to four (4) other companies.

11. In addition, the Amended Complaint contains a lengthy footnote on page 5-6, n. 2 (taking up two pages of the pleading) narrating a laundry list of threatened discovery and various other costly things Plaintiff intends to do unless the defendants capitulate and make various stipulations. This is entirely inappropriate as a pleading practice, and the footnote should be stricken as immaterial and impertinent matter under Federal Rule of Civil Procedure 12(f).

WHEREFORE, Defendants Tabacalera Bello USA, Co., La Casa del Tabaco Co., La Casa de la Trova Co., and La Zorra y el Cuervo Inc., hereby move, pursuant to Federal Rule of Civil Procedure 12(b)(6), to dismiss Plaintiff's Amended Complaint for failure to state a claim for which relief can be granted (and to strike footnote 2 on pages 5-6 of the Amended Complaint).

## Memorandum of Law

### A. The Claims Against Each Defendant Should Be Separately Pleaded, and the Amended Complaint Fails to State a Claim.

A properly pleaded Complaint should distinguish and differentiate the factual allegations and theories directed to one defendant in a count separate from every other defendant. *Sigler v. Bradshaw*, 2015 U.S. Dist. LEXIS 29036 *1 (S.D. Fla. March 10, 2015). Defendants should not be "lumped together" in a pleading, as has happened in this case. *See Great Florida Bank v.*

*Countrywide Home Loans, Inc.*, 2011 U.S. Dist. LEXIS 10321 *7-10 (S.D.Fla. 2011)(and cases cited therein)(denouncing the practice of lumping defendants together), *Lane v. Capital Acquisitions & Mgmt. Co.*, No. 04-60602 CIV, 2006 U.S. Dist. LEXIS 96422, 2006 WL 4590705, at *5 (S.D. Fla. Apr. 14, 2006)("By lumping all the defendants together in each claim and providing no factual basis to distinguish their conduct, the Lane's Complaint fails to satisfy the minimum standard of Rule 8."), *aff'd sub nom, Lane v. XYZ Venture Partners, L.L.C.*, 322 F. App'x 675 (11th Cir. 2009). Plaintiff's failure to make separate counts and allegations against each named defendant warrants dismissal of the Amended Complaint.

Courts follow the economic realities test to determine whether a joint employer relationship exists. *Beck v. Boce Grp., L.C.*, 391 F. Supp. 2d 1183 (S.D. Fla. 2005).

> To determine whether a joint employment relationship exists courts consider the following factors: (1) the nature and degree of the putative employer's control of the workers; (2) the degree of supervision, direct or indirect, of the work; (3) the right, directly or indirectly, to hire, fire, or modify the workers' employment conditions; (4) the power to determine the workers' pay rates or methods of payment; (5) the preparation of payroll and payment of workers' wages; (6) the ownership of the facilities where the work occurred; (7) whether the worker performed a line job integral to the end product; and (8) the relative investment in equipment and facilities.

*Id. Compare Gonzalez v. Old Lisbon Rest. & Bar L.L.C.,* 820 F. Supp. 2d 1365 (S.D. Fla. 2011)(granting motion to dismiss where "Plaintiff did not allege the facts necessary to proceed under a joint enterprise theory."). Here, Plaintiff has not pleaded sufficient facts to establish a joint employer or joint enterprise relationship, and his claim against the Undifferentiated Defendants - that is premised on such a relationship's existence - should be dismissed.

  **B.** **It is Inappropriate to Have a Lengthy Footnote On Discovery Issues in a Complaint.**

Plaintiff includes a lengthy footnote in his pleading, which states:

> Unless Defendants will stipulate that the $500,000 threshold is met, Plaintiff must have an opportunity to review all relevant tax records, and also to validate their

4

> accuracy through discovery. Regarding the monetary threshold, Plaintiff intends to conduct depositions (i.e. accountant, etc.) and obtain, inter alia, financial information including Tax Returns, Bank Statements, and all contracts to sell during the relevant years. Defendants who are in charge of their own business, are in a better position than Plaintiff to know their gross annual income and who their suppliers are as financial information is usually to be found in employer's hands, not ordinarily within a lower-level worker's knowledge who performed manual labor. *See, PizzaZone Italian Grill & Sports Bar, Inc. supra*. Also, unless Defendants are willing to stipulate to the interstate commerce prong, Plaintiff will need to depose Defendants' suppliers *duces tecum* regarding where Defendants' supplies were purchased, manufactured, etc., and conduct a property inspection under Federal Rule of Civil Procedure 34. Defendants are in a better position than Plaintiff to deny or admit whether their business or Plaintiff were involved in the requisite interstate commerce and defendant-employers for axiomatic reasons would normally have more access to information regarding their businesses materials and goods used by their employees. At this point Plaintiff plans to seek discovery as to FLSA coverage/subject-matter jurisdiction should Defendants not admit same in their Answer and Affirmative Defenses. *See, Wirtz v.Savannah Bank & Trust Co.*, 5 Cir., 362 F.2d 857." *Wirtz v. First Nat'l Bank & Trust Co.*, 365 F.2d 641 (10th Cir. 1966).Review of 29 U.S.C. Section 203(k) and related case law make it clear Plaintiff needs access to all of Defendants' contracts from the relevant period even if Defendants' customers defaulted on them; unless Defendants will stipulate that the $500,000 threshold is met.

*See* Amended Complaint, pp. 5-6, n. 2.  This footnote does not belong in a pleading, and frustrates efforts at a response. It should therefore be stricken.

### C. Conclusion.

For all of the foregoing reasons and citations of authority, Undifferentiated Defendants' Motion to Dismiss should be granted.

Dated: May 17, 2017

Respectfully submitted,

*/s/ Orion G. Callison, III, Esq.*
Orion G. Callison, III, Esq. (Fla. Bar No. 0005223)
orion@aglawpa.com
LAW OFFICE OF ALEXIS GONZALEZ, P.A.
3162 Commodore Plaza, Suite 3E
Coconut Grove, Florida 33133
Telephone: (305) 223-9999
Facsimile: (305) 223-1880

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served electronically on this date by the CM/ECF system on all counsel or parties of record on the Service List below and on the Court's docket.

*/s/ Orion G. Callison, III, Esq.*
Orion G. Callison, III (Fla. Bar No. 0005223)

## SERVICE LIST

Jamie H. Zidell
J.H. Zidell P.A.
300 71st Street
Suite 605
Miami Beach, FL 33141
305-865-6766
Fax: 305-865-7167
Email: ZABOGADO@AOL.COM

Rivkah Fay Jaff, Esq.
J.H. Zidell, P.A.
City National Bank Building
300 71st St Ste 605
Miami Beach, FL 33141-3089
E-mail: rivkah.jaff@gmail.com

Neil Tobak
J.H. Zidell P.A.
300 71st Suite 605
Miami Beach, FL 33141
305-773-3269
Email: ntobak.zidellpa@gmail.com