## SETTLEMENT AGREEMENT AND MUTUAL GENERAL RELEASE

THIS SETTLEMENT AGREEMENT AND MUTUAL RELEASE ( "AGREEMENT") is entered into by and among CUBA TOBACCO CIGAR, CO. (a/ka TABACALERA LAS VILLAS CIGAR, CO.),TABACALERA BELLO USA, CO.,LA CASA DEL TABACO CO.,LA CASA DE LA TROVA CO.,LA ZORRA Y EL CUERVO INC., and PEDRO D. BELLO , including their spouses (including Defendant Pedro D. Bello's spouse Teresa M. Bello) , family members, heirs, successors, assigns, agents, representatives, attorneys and related companies, (hereinafter collectively referred to as "Defendants"), and LUIS ALBERTO MATOS PRADA, including his family members, heirs, successors, assigns, agents, representatives, attorneys (hereinafter referred to as "Plaintiff"), (hereinafter "Plaintiff" and "Defendants" collectively referred to as the "Parties"), for good and valuable consideration, receipt of which is hereby acknowledged, and in order to resolve and settle finally, fully and completely all matters or disputes that now exist or may exist between them, agree as follows:

1. **Mutual General Release.** In consideration for the promises contained in this Agreement, the Parties unconditionally release and discharge each other (collectively referred to as the "Released Parties") from any and all claims, demands, liabilities, and causes of action of any kind or nature, whether known or unknown, or suspected or unsuspected, which either party now owns or holds, or has owned or held against the Released Parties, including, but not limited to, any and all claims, demands, liabilities, causes of action, and all incurred attorney's fees and costs(except as set forth in this Settlement Agreement), which arise out of, or are in any way connected with Plaintiff's employment with, or the separation of Plaintiff's employment with the Defendants, or which arise out of or are in any way connected with any loss, damage, or injury whatsoever to Plaintiff resulting from any act or omission by or on the part of the Released Parties committed prior to the date of this Agreement. Included in the claims, demands, liabilities, and causes of action being released and discharged by Plaintiff are all claims under:

- Title VII of the 1964 Civil Rights Act;
- The Civil Rights Act of 1991;
- The Equal Pay Act;
- The Fair Labor Standards Act ("FLSA");
- The Employee Retirement Income Security Act (ERISA);
- The Americans with Disabilities Act of 1990;
- The Rehabilitation Act of 1973;
- The Family and Medical Leave Act of 1993; 42 U.S.C. §§ 1981, 1985(3), and 1986;
- The Occupational Safety and Health Act;
- Chapter 760, Florida Statutes;
- The Florida Private Whistle-blower's Act of 1991;

Page 1 of 7

Cuba TobaccoCigar, Co. a/k/a  Tabacalera Las Villas Cigar, Co.        ____ Luis Alberto Matos Prada
Tabacalera Bello USA, Co.
La Casa Del Tabaco Co.
La Casa De La Trova Co.
La Zorra Y El Cuervo Inc.
Pedro D. Bello

- Chapter 11A of the Miami-Dade County Code; and
- Any and all other laws, statutes, ordinances, treaties, rules or regulations of the United States of America, or any other country, state, county, municipality, or political subdivision thereof.

This Agreement shall effect the release of all claims which were, or could have been, asserted by and among Plaintiff and Defendants in the lawsuit styled *Luis Alberto Matos Prada and all others similarly situated under 29 U.S.C. 216(b) v. Cuba Tobacco Cigar, Co. a/k/a Tabacelera Las Villas Cigar, Co., et al,* Case No.: 17-20380-CIV-JJO [CONSENT CASE] pending before the U.S. District Court for the Southern District of Florida (hereinafter referred to as the "Litigation"). Each side shall bear their own attorney's fees and costs **except as set forth in this Agreement.**

2.   **Settlement Amount and Allocation Between Plaintiff and Plaintiff's Attorneys**. In consideration of the mutual promises exchanged herein, Defendants, jointly and severally, shall pay the total sum of Sixteen Thousand Dollars and 00/100 Cents ($16,000.00) (the "Settlement Funds"), which shall be issued in one gross check to the "Trust Account of J.H. Zidell, P.A." and the check shall be delivered to J.H. Zidell, P.A., 300 71st Street, Suite 605, Miami Beach, FL 33141, not later than June 9, 2017.

The Settlement Funds shall be paid by Defendants, jointly and severally, and shall be disbursed by Plaintiff's Counsel, J.H. Zidell, P.A., and allocated from the Settlement Funds as follows:

i. Plaintiff shall receive from the Settlement Funds the total amount of Nine Thousand and Seventy Dollars and 00/100 Cents ($9,070.00), of which Four Thousand Five Hundred and Thirty-Five Dollars and 00/100 Cents ($4,535.00) represents alleged unpaid overtime and Four Thousand Five Hundred and Thirty-Five Dollars and 00/100 Cents ($4,535.00) represents alleged liquidated damages;

ii.  Plaintiff's Counsel shall receive from the Settlement Funds the total amount of Six Thousand Nine Hundred and Thirty Dollars and 00/100 Cents ($6,930.00), of which Six Thousand Four Hundred and 00/100 Cents ($6,400.00) represents attorneys' fees and Five Hundred and Thirty Dollars and 00/100 Cents ($530.00) represents costs in this litigation.

Pursuant to *Lynn's Food Stores, Inc. v. U.S. Dep't. of Labor*, 679 F.2d 1350, 1352 (11th Cir. 1982), Plaintiff shall file a Joint Motion for Approval and Proposed Order Dismissing this case with prejudice as to all Defendants no later than June2, 2017.

Cuba TobaccoCigar, Co. a/k/a Tabacalera Las Villas Cigar, Co. ___ Luis Alberto Matos Prada
Tabacalera Bello USA, Co.
La Casa Del Tabaco Co.
La Casa De La Trova Co.
La Zorra Y El Cuervo Inc.
Pedro D. Bello

3.    **Payment Default.** Should Defendants, jointly and severally, fail to make a payment of the Settlement Funds as described above, or should any of the checks be returned for non-sufficient funds or any other reason, Plaintiff's counsel shall give written notice via e-mail to Defense Counsel, Orion G. Callison, III, Esq., at orion@aglawpa.com.

In the event that Defendants, jointly and severally, cure said breach within three (3) business days of receiving written notification via e-mail, Defendants, jointly and severally, shall pay the outstanding breached payment and an additional Two Thousand Dollars and 00/100 Cents ($2,000.00) to the cured amount. An additional written notification is **not** required should Defendants cure the breach but fail to include the additional amount of Two Thousand Dollars and 00/100 Cents ($2,000.00).

In the event that Defendants, jointly and severally, fail to cure said breach including the penalty amount of an additional Two Thousand Dollars and 00/100 Cents ($2,000.00) within three (3) business days of receiving the written notification via e-mail, a final default judgment shall be entered against Defendants, jointly and severally, in the total amount of Twenty-Five Thousand Dollars and 00/100 Cents ($25,000.00). In the event of a breach, Plaintiff shall be entitled to any and all fees and costs incurred for reasonable attorneys' fees and costs for collection.

4.    **Indemnification.** Plaintiff acknowledges and agrees that it shall be solely and exclusively Plaintiff's obligation and responsibility to report to the appropriate governmental agencies and other authorities all monies received as wages under this Agreement and to report and pay all related taxes or impositions regarding all monies received as wages under this Agreement. Plaintiff shall indemnify and hold harmless Defendants, from and against any and all claims, damages, losses, liabilities or obligations asserted, or imposed and/or threatened against Defendants by any person or entity relating, directly or indirectly, to the monies received by Plaintiff hereunder as wages, including, without limitation, Plaintiff, the IRS, or any other person, except as to any tax withholdings that Defendants could be found legally liable for Plaintiff with regards to Plaintiff's entire employment period with the Defendants, **if any**.

5.    **Attorneys Not Tax Experts.** The Parties acknowledge that any attorney involved in this agreement does not claim to be an expert in tax matters. Each Party states that he/it has consulted or has had the opportunity to consult with a tax professional to fully evaluate the tax implications and consequences of this Agreement.

6.    **Non-Admission Clause.** By entering into this Agreement, Defendants do not admit any facts or liability whatsoever to Plaintiff or to any other person arising out of any claims asserted in the Litigation, or that could have been asserted in the Litigation, including but not limited to any claim under the FLSA and expressly deny any and all such liability.

_____ Cuba TobaccoCigar, Co. a/k/a Tabacalera Las Villas Cigar, Co.     _____ Luis Alberto Matos Prada
_____ Tabacalera Bello USA, Co.
_____ La Casa Del Tabaco Co.
_____ La Casa De La Trova Co.
_____ La Zorra Y El Cuervo Inc.
_____ Pedro D. Bello

not make any materially disparaging or negative comments about each other, to any person or entity.

8. **Neutral Reference**: In the event that a prospective employer requests an employment reference for Plaintiff, the parties agree that Defendants shall only provide the dates and position held by Plaintiff while working for Defendants.

9. **Mutual Confidentiality:** By receipt of the Settlement Amount set forth above, the Parties expressly agree that the terms of this settlement (including but not limited to the amount of consideration paid hereunder) will not be discussed either directly or indirectly with any past, present or future employees of the Defendants or any other persons, with the exception of: (1) this agreement may be used as evidence in any action relating to a breach of this agreement; (2) for enforcement of this agreement; (3) the Parties respective counsel; (4) the Parties respective Accountant(s); (5) for reporting to Taxing authorities; (6) the Parties respective spouse(s); (7) or when otherwise required by law.

Should the Court strike the "Confidentiality" provision *sua sponte* for public policy reasons or any other reason, the Agreement is still binding and only the offending section shall be stricken.

This "Confidentiality" provision does not prohibit the Settlement Agreement from being attached as an Exhibit and filed along with the Joint Motion for Approval on CM/ECF and, in fact, the Parties have agreed that the Settlement Agreement shall be filed as an Exhibit on CM/ECF along with the Joint Motion for Approval. The Settlement Agreement shall not be filed under seal and/or for *in camera* review and nothing in this Settlement Agreement and/or "Confidentiality" provision should be interpreted as such

10. **Representation by the Parties.** The Parties represent and warrant to each other that they have not filed any claim and will not file any claims, demands, liabilities, grievances, lawsuits, and causes of action against each other for actions that occurred prior to the date of this agreement, related to Plaintiff's employment, and/or involving Plaintiff's employment, or anything else

11. **Jurisdiction.** The Parties agree that jurisdiction over this matter shall be in the United States District Court for the Southern District of Florida which is presiding over the Litigation. The Agreement is governed by the substantive law of the State of Florida, and where applicable, federal law. If the district court chooses not to retain jurisdiction, then this Agreement shall be enforceable in the appropriate court in Miami-Dade County, Florida.

Page 4 of 7

Cuba TobaccoCigar, Co. a/k/a Tabacalera Las Villas Cigar, Co.          _____ Luis Alberto Matos Prada
Tabacalera Bello USA, Co.
La Casa Del Tabaco Co.
La Casa De La Trova Co.
La Zorra Y El Cuervo Inc.
Pedro D. Bello

12. **Severability.** In the event that one or more terms or provisions of this Agreement are found to be invalid or unenforceable for any reason or to any extent, each remaining term and provision shall continue to be valid and effective and shall be enforceable to the fullest extent permitted by law.

13. **Entire Agreement.** This Agreement constitutes the complete understanding of the parties hereto and supersedes any and all prior agreements, promises, representations, or inducements, whether oral or written, concerning its subject matter. No promises or agreements made subsequent to the execution of this Agreement by these parties shall be binding unless reduced to writing and signed by an authorized representative of each party.

14. **Enforcement.** In the event any action is commenced to enforce this settlement agreement, the prevailing party shall be entitled to reasonable fees and costs.

15. **Voluntariness.** The Parties certify that they have fully read, negotiated, and completely understand the provisions of this Agreement, that each Party has been advised by the other to consult with an attorney before signing the Agreement, and that each Party is signing freely and voluntarily, and without duress, coercion, or undue influence.

16. **Counterparts**: This Agreement may be executed in multiple counterparts, each of which shall constitute an original, and all of which shall constitute one single Agreement. Faxed transmissions and/or copies of the signature block shall be deemed enforceable.

17. **Construction.** Plaintiff and Defendants have jointly participated in the negotiation of this Agreement and this Agreement is the product of joint draftsmanship by the Parties. In the event of an ambiguity or question of intent or interpretation arises, this Agreement shall be construed as if it was drafted jointly by the Parties and no presumptions or burdens of proof shall arise favoring any party by virtue of authorship of this Agreement.

18. **Headings.** The Parties agree that the headings used in this Agreement are for convenience and reference only and in no way define, describe, extend, or limit the scope or intent of this Agreement or the intent of any provision in it.

19. **Cooperation.** The Parties agree to cooperate fully in the execution of any documents or performance in any way which may be reasonably necessary to carry out the purposes of this Agreement and to effectuate the intent of the Parties hereto.

20. **Translation:** By signing this Agreement, Plaintiff certifies that this Agreement has been translated for him by an attorney and that he fully understands the terms of this Agreement.

Page 5 of 7

Cuba TobaccoCigar, Co. a/k/a  Tabacalera Las Villas Cigar, Co.        _____ Luis Alberto Matos Prada
Tabacalera Bello USA, Co.
La Casa Del Tabaco Co.
La Casa De La Trova Co.
La Zorra Y El Cuervo Inc.
Pedro D. Bello

<u>TRADUCCIÓN: AL FIRMAR ESTE ACUERDO, EL DEMANDANTE
CERTIFICA QUE ESTE ACUERDO HA SIDO TRADUCIDO PARA ÉL POR UN
ABOGADO Y ELENTIENDE COMPLETAMENTE LOS TÉRMINOS DE ESTE
ACUERDO.</u>

LUIS ALBERTO MATOS PRADA

By: _____
LUIS ALBERTO MATOS PRADA

Date: _____

CUBA TOBACCO CIGAR a/k/a TABACELA
BELLOW USA, CO.

By: _____
Name: Pedro Bello
Title: Authorized representative
Date: 5-27-17

LA CASA DEL TABACO, CO.

By: _____
Name: Pedro Bello
Title: Authorized representative
Date: 5-27-17

LA ZORRA Y EL CUERVO INC.

By: _____
Name: Pedro Bello
Title: Authorized representative
Date: 5-27-17

LA CASA DE LA TROVA CO.

By: _____
Name: Pedro Bello
Title: Authorized representative
Date: 5-27-17

LA ZORRA Y EL CUERVO INC.

By: _____
Name: Pedro Bello
Title: Authorized representative

_PB_ Cuba TobaccoCigar, Co. a/k/a  Tabacalera Las Villas Cigar, Co.        ____ Luis Alberto Matos Prada
_PB_ Tabacalera Bello USA, Co.
_PB_ La Casa Del Tabaco Co.
_PB_ La Casa De La Trova Co.
_PB_ La Zorra Y El Cuervo Inc.
_PB_ Pedro D. Bello

Date: _____ C - 2 7 - 1 7 _____

**PEDRO D. BELLO**

By: _____
**PEDRO D. BELLO**

Date: _____ C - 2 7 - 1 7 _____

Page 7 of 7

Cuba TobaccoCigar, Co. a/k/a  Tabacalera Las Villas Cigar, Co.        ___ Luis Alberto Matos Prada
Tabacalera Bello USA, Co.
La Casa Del Tabaco Co.
La Casa De La Trova Co.
La Zorra Y El Cuervo Inc.
Pedro D. Bello

## SETTLEMENT AGREEMENT AND MUTUAL GENERAL RELEASE

THIS SETTLEMENT AGREEMENT AND MUTUAL RELEASE ( "AGREEMENT") is entered into by and among CUBA TOBACCO CIGAR, CO. (a/ka TABACALERA LAS VILLAS CIGAR, CO.),TABACALERA BELLO USA, CO.,LA CASA DEL TABACO CO.,LA CASA DE LA TROVA CO.,LA ZORRA Y EL CUERVO INC., and PEDRO D. BELLO , including their spouses (including Defendant Pedro D. Bello's spouse Teresa M. Bello) , family members, heirs, successors, assigns, agents, representatives, attorneys and related companies, (hereinafter collectively referred to as "Defendants"), and LUIS ALBERTO MATOS PRADA, including his family members, heirs, successors, assigns, agents, representatives, attorneys (hereinafter referred to as "Plaintiff"), (hereinafter "Plaintiff" and "Defendants" collectively referred to as the "Parties"), for good and valuable consideration, receipt of which is hereby acknowledged, and in order to resolve and settle finally, fully and completely all matters or disputes that now exist or may exist between them, agree as follows:

   **1.    Mutual General Release.**  In consideration for the promises contained in this Agreement, the Parties unconditionally release and discharge each other (collectively referred to as the "Released Parties") from any and all claims, demands, liabilities, and causes of action of any kind or nature, whether known or unknown, or suspected or unsuspected, which either party now owns or holds, or has owned or held against the Released Parties, including, but not limited to, any and all claims, demands, liabilities, causes of action, and all incurred attorney's fees and costs(except as set forth in this Settlement Agreement),  which arise out of, or are in any way connected with Plaintiff's employment with, or the separation of Plaintiff's employment with the Defendants, or which arise out of or are in any way connected with any loss, damage, or injury whatsoever to Plaintiff resulting from any act or omission by or on the part of the Released Parties committed prior to the date of this Agreement. Included in the claims, demands, liabilities, and causes of action being released and discharged by Plaintiff are all claims under:

- Title VII of the 1964 Civil Rights Act;
- The Civil Rights Act of 1991;
- The Equal Pay Act;
- The Fair Labor Standards Act ("FLSA");
- The Employee Retirement Income Security Act (ERISA);
- The Americans with Disabilities Act of 1990;
- The Rehabilitation Act of 1973;
- The Family and Medical Leave Act of 1993; 42 U.S.C. §§ 1981, 1985(3), and 1986;
- The Occupational Safety and Health Act;
- Chapter 760, Florida Statutes;
- The Florida Private Whistle-blower's Act of 1991;

Page 1 of 7

___ Cuba TobaccoCigar, Co. a/k/a  Tabacalera Las Villas Cigar, Co.  *L H H*Luis Alberto Matos Prada
___ Tabacalera Bello USA, Co.
___ La Casa Del Tabaco Co.
___ La Casa De La Trova Co.
___ La Zorra Y El Cuervo Inc.
___ Pedro D. Bello

- Chapter 11A of the Miami-Dade County Code; and
- Any and all other laws, statutes, ordinances, treaties, rules or regulations of the United States of America, or any other country, state, county, municipality, or political subdivision thereof.

This Agreement shall effect the release of all claims which were, or could have been, asserted by and among Plaintiff and Defendants in the lawsuit styled *Luis Alberto Matos Prada and all others similarly situated under 29 U.S.C. 216(b) v. Cuba Tobacco Cigar, Co. a/k/a Tabacelera Las Villas Cigar, Co., et al,* Case No.: 17-20380-CIV-JJO [CONSENT CASE] pending before the U.S. District Court for the Southern District of Florida (hereinafter referred to as the "Litigation"). Each side shall bear their own attorney's fees and costs **except as set forth in this Agreement.**

**2.      Settlement Amount and Allocation Between Plaintiff and Plaintiff's Attorneys**. In consideration of the mutual promises exchanged herein, Defendants, jointly and severally, shall pay the total sum of Sixteen Thousand Dollars and 00/100 Cents ($16,000.00) (the "Settlement Funds"), which shall be issued in one gross check to the "Trust Account of J.H. Zidell, P.A." and the check shall be delivered to J.H. Zidell, P.A., 300 71st Street, Suite 605, Miami Beach, FL 33141, not later than June 9, 2017.

The Settlement Funds shall be paid by Defendants, jointly and severally, and shall be disbursed by Plaintiff's Counsel, J.H. Zidell, P.A., and allocated from the Settlement Funds as follows:

i. Plaintiff shall receive from the Settlement Funds the total amount of Nine Thousand and Seventy Dollars and 00/100 Cents ($9,070.00), of which Four Thousand Five Hundred and Thirty-Five Dollars and 00/100 Cents ($4,535.00) represents alleged unpaid overtime and Four Thousand Five Hundred and Thirty-Five Dollars and 00/100 Cents ($4,535.00) represents alleged liquidated damages;

ii.   Plaintiff's Counsel shall receive from the Settlement Funds the total amount of Six Thousand Nine Hundred and Thirty Dollars and 00/100 Cents ($6,930.00), of which Six Thousand Four Hundred and 00/100 Cents ($6,400.00) represents attorneys' fees and Five Hundred and Thirty Dollars and 00/100 Cents ($530.00) represents costs in this litigation.

Pursuant to *Lynn's Food Stores, Inc. v. U.S. Dep't. of Labor*, 679 F.2d 1350, 1352 (11th Cir. 1982), Plaintiff shall file a Joint Motion for Approval and Proposed Order Dismissing this case with prejudice as to all Defendants no later than June 2, 2017.

Page 2 of 7

___ Cuba Tobacco Cigar, Co. a/k/a  Tabacalera Las Villas Cigar, Co.  ∠ HH Luis Alberto Matos Prada
___ Tabacalera Bello USA, Co.
___ La Casa Del Tabaco Co.
___ La Casa De La Trova Co.
___ La Zorra Y El Cuervo Inc.
___ Pedro D. Bello

**3.**    **Payment Default**. Should Defendants, jointly and severally, fail to make a payment of the Settlement Funds as described above, or should any of the checks be returned for non-sufficient funds or any other reason, Plaintiff's counsel shall give written notice via e-mail to Defense Counsel, Orion G. Callison, III, Esq., at orion@aglawpa.com.

In the event that Defendants, jointly and severally, cure said breach within three (3) business days of receiving written notification via e-mail, Defendants, jointly and severally, shall pay the outstanding breached payment and an additional Two Thousand Dollars and 00/100 Cents ($2,000.00) to the cured amount. An additional written notification is **not** required should Defendants cure the breach but fail to include the additional amount of Two Thousand Dollars and 00/100 Cents ($2,000.00).

In the event that Defendants, jointly and severally, fail to cure said breach including the penalty amount of an additional Two Thousand Dollars and 00/100 Cents ($2,000.00) within three (3) business days of receiving the written notification via e-mail, a final default judgment shall be entered against Defendants, jointly and severally, in the total amount of Twenty-Five Thousand Dollars and 00/100 Cents ($25,000.00). In the event of a breach, Plaintiff shall be entitled to any and all fees and costs incurred for reasonable attorneys' fees and costs for collection.

**4.**    **Indemnification**. Plaintiff acknowledges and agrees that it shall be solely and exclusively Plaintiff's obligation and responsibility to report to the appropriate governmental agencies and other authorities all monies received as wages under this Agreement and to report and pay all related taxes or impositions regarding all monies received as wages under this Agreement. Plaintiff shall indemnify and hold harmless Defendants, from and against any and all claims, damages, losses, liabilities or obligations asserted, or imposed and/or threatened against Defendants by any person or entity relating, directly or indirectly, to the monies received by Plaintiff hereunder as wages, including, without limitation, Plaintiff, the IRS, or any other person, except as to any tax withholdings that Defendants could be found legally liable for Plaintiff with regards to Plaintiff's entire employment period with the Defendants, **if any**.

**5.**    **Attorneys Not Tax Experts.** The Parties acknowledge that any attorney involved in this agreement does not claim to be an expert in tax matters. Each Party states that he/it has consulted or has had the opportunity to consult with a tax professional to fully evaluate the tax implications and consequences of this Agreement.

**6.**    **Non-Admission Clause.** By entering into this Agreement, Defendants do not admit any facts or liability whatsoever to Plaintiff or to any other person arising out of any claims asserted in the Litigation, or that could have been asserted in the Litigation, including but not limited to any claim under the FLSA and expressly deny any and all such liability.

Page 3 of 7

___ Cuba TobaccoCigar, Co. a/k/a  Tabacalera Las Villas Cigar, Co. *L AM* Luis Alberto Matos Prada
___ Tabacalera Bello USA, Co.
___ La Casa Del Tabaco Co.
___ La Casa De La Trova Co.
___ La Zorra Y El Cuervo Inc.
___ Pedro D. Bello

**7.**     **<u>Mutual Non Disparaging Remarks</u>**. The Parties agree that they will not materially disparage each other, by written or oral word, gesture, or any other means, nor will they make any materially disparaging or negative comments about each other, to any person or entity.

**8.**     **<u>Neutral Reference</u>**: In the event that a prospective employer requests an employment reference for Plaintiff, the parties agree that Defendants shall only provide the dates and position held by Plaintiff while working for Defendants.

**9.**     **<u>Mutual Confidentiality:</u>** By receipt of the Settlement Amount set forth above, the Parties expressly agree that the terms of this settlement (including but not limited to the amount of consideration paid hereunder) will not be discussed either directly or indirectly with any past, present or future employees of the Defendants or any other persons, with the exception of: (1) this agreement may be used as evidence in any action relating to a breach of this agreement; (2) for enforcement of this agreement; (3) the Parties respective counsel; (4) the Parties respective Accountant(s); (5) for reporting to Taxing authorities; (6) the Parties respective spouse(s); (7) or when otherwise required by law.

Should the Court strike the "Confidentiality" provision *sua sponte* for public policy reasons or any other reason, the Agreement is still binding and only the offending section shall be stricken.

This "Confidentiality" provision does not prohibit the Settlement Agreement from being attached as an Exhibit and filed along with the Joint Motion for Approval on CM/ECF and, in fact, the Parties have agreed that the Settlement Agreement shall be filed as an Exhibit on CM/ECF along with the Joint Motion for Approval. The Settlement Agreement shall not be filed under seal and/or for *in camera* review and nothing in this Settlement Agreement and/or "Confidentiality" provision should be interpreted as such

**10.**     **<u>Representation by the Parties.</u>**  The Parties represent and warrant to each other that they have not filed any claim and will not file any claims, demands, liabilities, grievances, lawsuits, and causes of action against each other for actions that occurred prior to the date of this agreement, related to Plaintiff's employment, and/or involving Plaintiff's  employment, or anything else

**11.**     **<u>Jurisdiction.</u>**  The Parties agree that jurisdiction over this matter shall be in the United States District Court for the Southern District of Florida which is presiding over the Litigation.  The Agreement is governed by the substantive law of the State of Florida, and where applicable, federal law. If the district court chooses not to retain jurisdiction, then this Agreement shall be enforceable in the appropriate court in Miami-Dade County, Florida.

Page 4 of 7

___  Cuba TobaccoCigar, Co. a/k/a  Tabacalera Las Villas Cigar, Co.  *L A M*Luis Alberto Matos Prada
___  Tabacalera Bello USA, Co.
___  La Casa Del Tabaco Co.
___  La Casa De La Trova Co.
___  La Zorra Y El Cuervo Inc.
___  Pedro D. Bello

**12.    Severability.** In the event that one or more terms or provisions of this Agreement are found to be invalid or unenforceable for any reason or to any extent, each remaining term and provision shall continue to be valid and effective and shall be enforceable to the fullest extent permitted by law.

**13.    Entire Agreement.** This Agreement constitutes the complete understanding of the parties hereto and supersedes any and all prior agreements, promises, representations, or inducements, whether oral or written, concerning its subject matter. No promises or agreements made subsequent to the execution of this Agreement by these parties shall be binding unless reduced to writing and signed by an authorized representative of each party.

**14.    Enforcement.** In the event any action is commenced to enforce this settlement agreement, the prevailing party shall be entitled to reasonable fees and costs.

**15.    Voluntariness.** The Parties certify that they have fully read, negotiated, and completely understand the provisions of this Agreement, that each Party has been advised by the other to consult with an attorney before signing the Agreement, and that each Party is signing freely and voluntarily, and without duress, coercion, or undue influence.

**16.    Counterparts:** This Agreement may be executed in multiple counterparts, each of which shall constitute an original, and all of which shall constitute one single Agreement. Faxed transmissions and/or copies of the signature block shall be deemed enforceable.

**17.    Construction.** Plaintiff and Defendants have jointly participated in the negotiation of this Agreement and this Agreement is the product of joint draftsmanship by the Parties. In the event of an ambiguity or question of intent or interpretation arises, this Agreement shall be construed as if it was drafted jointly by the Parties and no presumptions or burdens of proof shall arise favoring any party by virtue of authorship of this Agreement.

**18.    Headings.** The Parties agree that the headings used in this Agreement are for convenience and reference only and in no way define, describe, extend, or limit the scope or intent of this Agreement or the intent of any provision in it.

**19.    Cooperation.** The Parties agree to cooperate fully in the execution of any documents or performance in any way which may be reasonably necessary to carry out the purposes of this Agreement and to effectuate the intent of the Parties hereto.

**20.    Translation:** By signing this Agreement, Plaintiff certifies that this Agreement has been translated for him by an attorney and that he fully understands the terms of this Agreement.

Page **5** of 7

\_\_\_ Cuba TobaccoCigar, Co. a/k/a Tabacalera Las Villas Cigar, Co. _LAM_ Luis Alberto Matos Prada
\_\_\_ Tabacalera Bello USA, Co.
\_\_\_ La Casa Del Tabaco Co.
\_\_\_ La Casa De La Trova Co.
\_\_\_ La Zorra Y El Cuervo Inc.
\_\_\_ Pedro D. Bello

**TRADUCCIÓN: AL FIRMAR ESTE ACUERDO, EL DEMANDANTE CERTIFICA QUE ESTE ACUERDO HA SIDO TRADUCIDO PARA ÉL POR UN ABOGADO Y ELENTIENDE COMPLETAMENTE LOS TÉRMINOS DE ESTE ACUERDO.**

LUIS ALBERTO MATOS PRADA

By: X _____
LUIS ALBERTO MATOS PRADA

Date: _5/26/2017_____

CUBA TOBACCO CIGAR a/k/a TABACELA BELLOW USA, CO.

By:_____
Name:
Title:
Date: _____

LA CASA DEL TABACO, CO.

By:_____
Name:
Title:
Date: _____

LA ZORRA Y EL CUERVO INC.

By:_____
Name:
Title:
Date: _____

LA CASA DE LA TROVA CO.

By:_____
Name:
Title:
Date: _____

LA ZORRA Y EL CUERVO INC.

By:_____
Name:
Title:

Page 6 of 7

___ Cuba TobaccoCigar, Co. a/k/a Tabacalera Las Villas Cigar, Co. _LAM_ Luis Alberto Matos Prada
___ Tabacalera Bello USA, Co.
___ La Casa Del Tabaco Co.
___ La Casa De La Trova Co.
___ La Zorra Y El Cuervo Inc.
___ Pedro D. Bello

Date: _____

**PEDRO D. BELLO**

**By:**_____
**PEDRO D. BELLO**

Date: _____

Page 7 of 7

___ Cuba TobaccoCigar, Co. a/k/a  Tabacalera Las Villas Cigar, Co.      ___ Luis Alberto Matos Prada
___ Tabacalera Bello USA, Co.
___ La Casa Del Tabaco Co.
___ La Casa De La Trova Co.
___ La Zorra Y El Cuervo Inc.
___ Pedro D. Bello